MICHAEL WINEBURGH *vs.* UNITED STATES STEAM AND STREET RAILWAY ADVERTISING COMPANY, & others.

Norfolk.    December 6, 1898. — March 3, 1899.

Present: FIELD, C. J., HOLMES, MORTON, BARKER, & HAMMOND, JJ.

*Equity — Parties — Estate of Person Deceased — Survival of Action — Foreign Corporation — Jurisdiction.*

To a bill in equity against a corporation and the executor of A.'s will by a stockholder therein, seeking that the estate of A., a former president of the corporation, may be required to make good to it the amount of alleged misappropriations of corporate property by him while in office, such misappropriations being made to a firm composed of A. and B., it is no objection that B. is not joined as a party, and that it does not appear that assets of the corporation came to the hands of the defendant executor.

The liability of an officer of a corporation for misappropriation of corporate property by him while in office survives his death.

This court will take jurisdiction of a bill in equity against a foreign corporation and the executor of A.'s will by a minority stockholder therein, seeking that the estate of A., a former president of the corporation, may be required to make good to it the amount of alleged misappropriations of corporate property by him while in office, the corporation having been served with process and appeared, and the domicil of A. having been and the principal administration of his estate being here, and the executor of the will of A., who owned most of the stock, declining to allow the corporation to sue as plaintiff.

In a bill in equity by a stockholder against a corporation and the executor of A.'s will to compel the estate of A., a former president of the corporation, to make good to it the amount of alleged misappropriations of corporate property by him while in office, the allegations that the plaintiff has requested the corporation to sue A.'s estate, but that A. owned most of the stock, and, owing to the corporation being so completely under the control of A.'s representatives, it is unable and unwilling so to do, are enough to warrant the interposition of the court; and the suggestion that it will be of no advantage to the plaintiff if the relief asked is granted is of no weight.

BILL IN EQUITY, filed December 5, 1896, and amended April 20, 1897, in the Superior Court, by the plaintiff, in behalf of himself and other shareholders in the United States Steam and

Street Railway Advertising Company, a corporation, against the corporation, Lavinia T. Carleton, executrix of the will of William F. Carleton, and others, directors of the corporation, not material to be named, for an account of the sum alleged to be due the corporation from the estate of Carleton by reason of his fraudulent diversion and misappropriation of its property, and to obtain payment of the same from his estate. The defendants demurred to the bill, assigning various grounds of demurrer. At the hearing, the demurrers were sustained, and a decree was entered, dismissing the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*L. M. Friedman*, for the plaintiff.

*G. F. Ordway*, for the defendants.

HOLMES, J. This is a bill by a stockholder in the defendant corporation, seeking that the estate of one Carleton, a former president of the corporation, may be required to make good to it his amount of alleged frauds and misappropriations of corporate property by him while in office. The defendants demur upon various grounds, with which we proceed to deal.

It appears by the bill that the alleged misappropriations by Carleton were made to a firm composed of himself and one Kissam. It is objected that Kissam ought to be joined, and that it does not appear that assets of the corporation came to the hands of the defendant executrix. But the bill is brought for indemnity, not for restitution, and so both of these objections fall to the ground. See *Charitable Corporation* v. *Sutton*, 2 Atk. 400; *S. C.* 9 Mod. 349; *Concha* v. *Murrieta*, 40 Ch. D. 543.

It is suggested also that the liability of Carleton did not survive. We do not perceive why it should not. It arose from a breach of a fiduciary relation by which he enriched himself. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97, 104. *Cutter* v. *Hamlen*, 147 Mass. 471. *Stebbins* v. *Palmer*, 1 Pick. 71, 78, 79. *Concha* v. *Murrieta*, 40 Ch. D. 543, 553. Last of the minor objections, it is urged that the bill discloses laches; but there are no dates definite enough to show what may be the fact in this regard.

Perhaps the ground most relied on is that the defendant corporation is a foreign corporation, and that therefore this court will not take jurisdiction. There is no question that

it can take jurisdiction if it sees fit, as the corporation has been served with process, and has appeared. We do not find in the case, and we have not heard in argument, any suggestion of authority or reason for not using our power. The relief which is sought probably must be sought here if anywhere, as here was the domicil of the alleged wrongdoer, and here is the principal administration of his estate. If the corporation was the plaintiff, probably no one would raise a question. The representative of the wrongdoer, acting against the interest of the corporation, declines to let it sue as plaintiff, and compels the minority stockholders to make it a defendant, but still only that it may receive its dues and reparation for its wrongs. The corporation is no longer a going concern, and really is a bare trustee for its members. We can see no more reason for refusing to entertain the suit upon the allegations of the bill than if it were brought by the corporation itself; or than if the plaintiff were at liberty to proceed without making the corporation a party, directly, on his own behalf; *Ervin* v. *Oregon Railway & Navigation Co.* 20 Fed. Rep. 577; or than for refusing to appoint an ancillary receiver. *Garham* v. *Mutual Aid Society,* 161 Mass. 357. See also *Gray* v. *Fuller,* 17 App. Div. (N. Y.) 29; *Redmond* v. *Hoge,* 3 Hun, 171; *Murray* v. *Vanderbilt,* 39 Barb. 140, 147.

The bill alleges that the plaintiff has requested the corporation to sue Carleton's estate, but that Carleton owned most of the stock, and, owing to the corporation being so completely under the control of Carleton's representatives, it is unable and unwilling to do so. These allegations are enough to warrant the interposition of the court. *Brewer* v. *Boston Theatre,* 104 Mass. 378. *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, 498.

Finally, it is suggested that it would be of no advantage to the plaintiff if the relief asked were granted. We do not understand the ground of this argument, unless it be a threat that the defendant executrix will repeat the fraud. It is true that we must leave it to the plaintiff to protect himself against that.

*Demurrer overruled.*