STEWART M. ANDREWS *vs.* MINES CORPORATION, LIMITED, & another.

Suffolk.    January 13, 14, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Mandamus.    Practice, Civil,* Report by judge.    *Corporation,* Foreign, Inspection of books by stockholder.

Where a petition for a writ of mandamus comes before a single justice of this court, who after a hearing orders that the writ should issue, but at the request of the respondents reports the case for decision by the full court, the report brings before this court only questions of law, and the decision of the single justice must be given effect unless some error of law appears, the proceeding being one at law and not in equity.

The right of a stockholder in a corporation to inspect its books and records for good reasons and under proper conditions, which was recognized and enforced by this court in *Varney* v. *Baker,* 194 Mass. 239, will be enforced in this Commonwealth against a corporation organized in another State, when its books and the officer having custody of them are here and it has a usual place of business in Massachusetts.

Where at the hearing upon a petition for a writ of mandamus against a corporation to enforce the plaintiff's right to inspect the books and records of the respondent for good reasons and under proper conditions, if the petitioner shows that he asked the president of the respondent and also its treasurer, who was the custodian of the books, to be allowed to inspect them, and that the books and records on one occasion were taken from the petitioner's possession by force after he had begun to examine them, it cannot be said as matter of law that the petitioner did not make a sufficient effort to obtain the books for examination before filing his petition.

A writ of mandamus is the proper remedy to enforce the right of a stockholder in a corporation to inspect its books and records for good reasons and under proper conditions.

KNOWLTON, C. J.    This is a petition for a writ of mandamus upon which a justice of this court,* after a hearing, entered an order that the writ should issue, and then, at the request of the respondents, reported the case to this court.    As the proceeding is at law, such a report brings before us only questions of law, and the decision of the single justice must be given effect unless some error of law appears.

The petitioner is a stockholder in the respondent corporation, and his petition is that the corporation and the other respondent,

---

* *Morton, J.*

who is a director and the treasurer of the corporation, having custody of its books and records, be directed to give him an opportunity to examine these books. The petitioner is a citizen of this Commonwealth, and the respondent' corporation, which is organized under the laws of the State of Delaware, has a usual place of business in Boston and holds its meetings there. Its books and records are there in the hands of Davison, the other respondent. The president of the corporation also resides in this Commonwealth.

The right of a stockholder in a corporation to inspect its books and records for good reasons, and under proper conditions, was considered at length in *Varney* v. *Baker*, 194 Mass. 239. The principal question in the present case is whether this right will be enforced in this Commonwealth against a foreign corporation and its officers, when its books and the officer having the custody of them are here, and when it has a usual place of business in Massachusetts. The circumstances of the present case call for the exercise of this jurisdiction, if it ever can properly be exercised.

It has often been decided that this court will not take jurisdiction, in ordinary cases, to regulate the internal affairs of a foreign corporation which ought to be managed under the laws and by the direction of the courts of the State or country where it is organized. *Smith* v. *Mutual Life Ins. Co.* 14 Allen, 336. *Williston* v. *Michigan Southern & Northern Indiana Railroad*, 13 Allen, 400. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad*, 135 Mass. 34, 40. *Kimball* v. *St. Louis & San Francisco Railway*, 157 Mass. 7. *Wason* v. *Buzzell*, 181 Mass. 338. *Electric Welding Co.* v. *Prince*, 195 Mass. 242, 256. But the right which is sought to be enforced here is one of general, if not universal, recognition from early times. It is referred to in different cases as a right existing at common law. In order to enforce it, the court is not called upon to investigate the internal affairs of the corporation, or to make any order that affects it in the management of its business, or in the relations of stockholders to one another. By virtue of the laws which permit the corporation to do business in this Commonwealth and subject it to the jurisdiction of our courts, any proper jurisdiction may be exercised which concerns its dealings with third parties here whereby their rights are affected.

Rights of third parties, whether they happen to be stockholders or not, if the rights are such as are recognized by our laws, may be enforced by our courts, unless they relate to such internal affairs of the corporation as ought to be regulated only by the courts of the State or country to which it owes its existence. Where all that is desired is an examination of books, and the corporation has a usual place of business in this Commonwealth, and the books and their custodian are here, there is every reason of policy and convenience why our courts should enforce a stockholder's right to examine them. This conclusion has been reached in carefully considered opinions of courts in other States. *Richardson* v. *Swift,* 7 Houst. (Del.) 137. *State* v. *North American Land & Timber Co.* 106 La. Ann. 621. *State* v. *Lazarus,* 127 Mo. App. 401. That there was jurisdiction in such a case was assumed, both by counsel and the court, in *Schondelmeyer* v. *Columbia Fire Proofing Co.* 219 Penn. St. 610, although the writ of mandamus was refused on the ground that the facts did not show a need of relief. The only case to the contrary that has come to our attention is *In re Rappleye,* 43 App. Div. (N. Y.) 84. That was decided in New York, where there are statutory provisions for the keeping of certain books in that State by foreign corporations doing business there, to which stockholders shall have access. This case did not come within the statutes, and the existence of such statutes may have been a reason for the decision, although the judges did not say so. We see no good reason why this jurisdiction should not be exercised in this Commonwealth in a proper case.

The findings of fact by the presiding justice bring the application within the principles stated in *Varney* v. *Baker,* 194 Mass. 239, and the findings seem to be well supported by the other facts and the evidence reported.

It cannot be said as a matter of law that the petitioner did not make a sufficient effort to obtain the books for examination before bringing the suit. He inquired of the president, and of Davison, the treasurer and custodian of the books, besides one or two other stockholders. The books and records were taken from his possession by force on one occasion, after he had begun to examine them. The decision in *Dunphy* v. *Traveller Newspaper Association,* 146 Mass. 495, is not applicable.

There is no ground for a contention that the relief to the petitioner should be in equity. The case of *Post & Co.* v. *Toledo, Cincinnati, & St. Louis Railroad,* 144 Mass. 341, shows the importance of sometimes taking jurisdiction in aid of, or against a foreign corporation ; but the remedy there given in equity was of a different kind from that sought in the present case, and could not have been obtained upon a writ of mandamus. On the other hand, a writ of mandamus is a proper remedy in a case like the present.

*Peremptory writ of mandamus to issue.*

*S. Lewenberg,* for the petitioner.

*J. S. Allen, Jr.,* ( *W. N. Buffum* with him,) for the respondents.