CHICAGO TITLE & TRUST CO. v. NEWMAN et al.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1911.)

No. 1,745.

1. CORPORATIONS (§ 636*) — FOREIGN CORPORATIONS — MANAGEMENT — EQUITY JURISDICTION.

A court of equity as a matter of discretion in the exercise of jurisdiction will not in general administer the internal affairs of a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 636.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 684*)—FOREIGN CORPORATIONS—RECEIVERS—JURISDICTION.
Where general appearances, though denominated special appearances, had been filed in a suit for a receiver of a foreign corporation, the Circuit Court had power to give them their full value and to decide the merits of the case, notwithstanding it involved the internal affairs of a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

3. APPEAL AND ERROR (§ 854*)—DEMURRER TO BILL—WRONG REASON.
Where the circuit court sitting in equity in a suit for receiver of a foreign corporation had power to sustain a demurrer to the bill for want of equity, it was not material, on an appeal by the receiver from an order denying the receiver's right to retain fees and expenses out of the corporation's assets on being ordered to return the same to the corporation's officers, that the court may have assigned an erroneous reason for sustaining the demurrer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3408; Dec. Dig. § 854.*]

4. CORPORATIONS (§ 684*)—FOREIGN CORPORATIONS—RECEIVERS—JURISDICTION —EXPENSES—FEES.
Where a bill for the appointment of a receiver of a foreign corporation was dismissed on demurrer for want of equity, and it appeared that the receiver's services during his custody of the assets and business of the corporation had not enhanced the value of the estate, the court properly refused to tax the receiver's expenses for compensation and attorney's fees against the fund ordered by the court to be returned to the corporation's directors; the receiver's remedy being an application for a judgment for such fees against the complainant.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 684.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by Albert A. Newman and others against the Newman Clock Company. Application by the Chicago Title & Trust Company as receiver of the corporation for the payment of receiver's and attorney's fees. From a decree denying such application, the receiver appeals. Affirmed.

The bill of complaint was filed in the superior court of Cook county, Ill., October 16, 1909, by appellee Albert A. Newman, as complainant, and the other appellees as defendants. It was brought for an injunction to prevent alleged illegal corporate action feared by complainant, at the hands of the individual defendants, owners of 58 percentum of the corporate capital. Complainant owns the balance. The alleged apprehended wrong affected complainant's interest as a stockholder. Other wrongs charged to have been already committed by defendant Renshaw were against the corporation, consisting of neglect and fraudulent mismanagement, an account of which was prayed, and an injunction against the holding of a certain corporate meeting in New York, alleged to be unlawful. A receiver was also prayed for to prevent the removal of the corporate assets from Chicago to New York. The relief prayed, other than the receivership, related entirely to the internal affairs of the corporation. The record does not show service of subpœna on any defendant, but there was an appearance in the state court by the corporation alone.

Upon the filing of the bill, October 16, 1909, the state court issued a preliminary injunction, restraining Renshaw, Magoffin, and Ward from holding the corporate meeting, from managing the affairs of the corporation in the interest of another corporation, selling merchandise to a third corporation, or removing the corporate assets. Appellant was appointed receiver at the

same time, and complainant, as president, turned over to it the corporate assets. On October 19, 1909, defendants Clock Company, Renshaw, Magoffin, and Ward appeared specially in the state court and removed the case to the federal court, upon the ground that they were citizens of different states from complainant, and that the proper jurisdictional sum was involved; alleging, also, that Fegtley and M. A. Newman were neither proper, necessary, nor indispensable parties, but were agents of complainant. The matter of the removal was brought to the attention of the state court. On the same day the removing defendants filed a transcript of the record in the circuit court, and at once filed a general appearance therein (called on its face a special appearance), asking a dissolution of the injunction, a discharge of the receiver and a dismissal of the bill, all on the alleged ground that the federal court, as well as the state court, was without jurisdiction. The next morning an order of removal was made by the state court.

The defendant corporation appeared generally in the Circuit Court November 10, 1909, and filed a general demurrer to the bill, and a special demurrer to the jurisdiction of the state court over the subject-matter, or the persons of the corporation and other removing defendants, and a like demurrer to the jurisdiction of the Circuit Court. The same day the receiver, on notice to all parties, applied to the court for directions, and was by it ordered to continue the corporate business; no one objecting. Appellant continued the business successfully, and until it was discharged.

At or about the time of filing the transcript in the Circuit Court the removing defendants again appeared generally in that court by giving notice to complainant that they would apply for an order compelling complainant to file a bond for $300,000 against loss by reason of the temporary injunction, and an additional bond for $300,000 against damage from the receivership, for dissolution of the injunction, discharge of the receiver, and dismissal of the bill for want of jurisdiction in the state court. The motion went over until the next day, when the third and fourth general appearances of the removing defendants were made (also denominated special ones), by filing formal motion for dissolution and discharge, as outlined in the notice of the previous day, and a formal motion for bonds, reducing the amounts, however, from $300,000 to $100,000. A hearing of the motions was set for October 26th, prior to which all the removing defendants served affidavits in support of their motions.

The motions were heard and taken under advisement. The bill having been lost, it was stipulated between counsel for the receiver and the removing defendants that an amended and supplemental bill might be filed, which was done December 14, 1909, and subpœna issued, returned non est inventus as to defendant Renshaw. On December 18th, the Circuit Court made an order finding that the solicitors for defendants Renshaw, Magoffin, and Ward had no authority to make other than a special appearance, and did not intend to do so, that the appearance of October 19th be stricken out, and all motions in behalf of said defendants held for naught. This left the case standing on general demurrer and motion to dismiss for want of jurisdiction interposed by the corporation defendant alone.

The demurrer of the corporation was sustained December 18, 1909, the receiver discharged, and ordered to turn back to the corporation all its property. It was also directed to present its accounts for consideration within three days. It filed a detailed account showing gross cash receipts of $25,699.69, and disbursements $12,105.96, including $500 paid to its attorneys, and $1,000 retained for its own compensation, leaving due from it, if the claims for fees should be allowed, $13,593.73; also showing that $4,414.98 was turned over to it at the time it took possession, so that it had $9,178.75 more money on hand than at the beginning. December 23d the Clock Company moved the court to compel the receiver to pay over all funds, without deducting the $1,500 on account of attorneys' and receiver's fees. The receiver answered, showing that it had conducted the business successfully, had saved about $500 by discontinuing the president's salary; that it was ordered to continue the business by the court, without any objection; that it was not concerned in the question as to who should pay the fees, nor how the items should be taxed, but was advised that the court had signified its

purpose of taxing them against complainant, who proposed in that case to take an appeal, suggesting that it be permitted to retain the $1,500 until it should be definitely settled who should pay it. It further suggested that it might properly be permitted to retain the money, "subject to repayment undoubtedly by complainant to the defendant company, should it finally be determined that this is just and equitable, but thus leaving this respondent not involved nor mixed up between the parties in this litigation." It further appeared by affidavit that an attorney for the corporation informed an employé of the receiver within two days after its appointment that defendant claimed the state court had no jurisdiction to appoint the receiver, and that it would have to look to complainant for its fees and expenses.

The court filed its opinion on the motion to pay over on July 21, 1910, holding that the settled rule in Illinois, and in the federal courts, is that, where the court is without jurisdiction to appoint the receiver, the latter cannot withhold any of the fund for compensation or costs, but must account to defendant for the whole. The opinion continues: "Most of these cases hold that the costs should be taxed against the complainant. It would seem equitable to hold that, if by reason of his services a receiver should render valuable services to the owner of the property, the court might take such fact into consideration in determining the question; but that service must result in the enhancing of the estate while in the receiver's hands. The case in hand discloses no such condition. It follows that the receiver should pay over to the defendant the balance so retained by him and look to complainant for his costs and remuneration, and it is so ordered."

A decree was entered accordingly on the same day, by which it is found that the $1,500 was a fair, usual, reasonable, and just compensation for it and its counsel, but that it was not entitled to retain it because the state court had no jurisdiction to appoint a receiver, decreeing that the receiver pay the money to defendant Clock Company, and dismissing the amended and supplemental bill for want of jurisdiction, with costs against complainant. From this decree the receiver appeals, assigning as error the direction to pay over the money, the ruling that there was no jurisdiction to allow compensation, or to appoint a receiver, or to entertain the suit.

S. S. Gregory, C. H. Poppenhusen, and Joseph L. McNab, for appellant.

Ralph M. Shaw, Jacob Newman, and Elmer E. Jackson, for appellees.

Before BAKER, Circuit Judge, and SANBORN and CARPENTER, District Judges.

SANBORN, District Judge (after stating the facts as above). [1] Strictly speaking, there never was any question of jurisdiction in the case. It was one of equity power. A court of equity will not, as a general rule, administer the internal affairs of a foreign corporation. As decided by the Supreme Court of Illinois in Babcock v. Farwell, 245 Ill. 14, 33, 91 N. E. 683, the question is not strictly one of jurisdiction, but rather of discretion in the exercise of jurisdiction. And the Supreme Court of the United States has often had occasion to make the same distinction. Blythe v. Hinckley, 173 U. S. 501, 19 Sup. Ct. 497, 43 L. Ed. 783; Bache v. Hunt, 193 U. S. 523, 24 Sup. Ct. 547, 48 L. Ed. 774; Louisville Trust Co. v. Knott, 191 U. S. 225, 24 Sup. Ct. 119, 48 L. Ed. 159. See, also, Re Hill Co., 159 Fed. 73, 76, 86 C. C. A. 263, in this circuit. The Circuit Court actually exercised jurisdiction by directing the receiver to continue the business. For a long time it had all the parties before it, by repeated general appearances.

[2] As a matter of discretion it allowed these appearances to be withdrawn; but it had the power to treat them at their full value, and to decide the merits of the case, notwithstanding it involved the internal affairs of a foreign corporation.

[3] The court also had power to sustain a demurrer for want of equity, as it did; and it is of no consequence, especially on this appeal by the receiver, whether or not it assigned a wrong reason for doing so.

[4] It is equally immaterial that the court may have assigned an insufficient reason for refusing to allow appellant to retain the $1,-500. When it appeared that the Circuit Court found that the receiver's services had not enhanced the value of the estate, and therefore the compensation claimed should not be taxed against the fund, appellant should have paid over the money, as directed, and applied to the court to insert a provision in the decree directing taxation against complainant. It seems from the opinion that this would have, been decreed. If not, the receiver would have had its right of review. No such application was made, nor any denial of the right to such taxation. It appears that the receiver took the view, suggested by its neutral position, that the court should tax the claim against complainant, upon a mere suggestion. This was a dignified view, but we think an impractical one. Appellant has mistaken its remedy. Its assignments of error do not reach the case, nor could it draw one which would, because the court did not get far enough to do anything which might be subject to review as erroneous. The Hill Company Case, supra, is cited as justifying the position taken by the receiver here. All that case holds is that where a receiver's services have resulted in large material benefits to the parties, and the court allows him compensation out of the fund, he is under no duty to look after the interests of the defendant by moving to have such allowance charged to plaintiff.

The decree of the Circuit Court is affirmed.