FRANK M. CORRY, TRUSTEE *v.* BARRE GRANITE & QUARRY COM-
PANY ET ALS.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 8, 1917.

*Corporations—Court of Chancery—Jurisdiction—Bill of Com-
plaint—Sufficiency—Demurrer—Allegation of Information
and Belief—Corporate Directors—When Incompetent to
Represent Corporation.*

A court of chancery will take jurisdiction of the internal affairs of a
foreign corporation where the relief sought is within its general
jurisdiction and does not. require an exercise of the visitorial
power of the government, and where the corporation is non-resident
only in that it is the creation of another state, its officers, agents,
stockholders, business and property being within the jurisdiction
of the court.

A bill in equity which alleges that the defendants who are the majority
of the directors of a corporation and own or control a majority of
the stock thereof, have conspired so to operate the corporation as
to effect a sale of its assets for their own personal benefit and to the
detriment of the minority stockholders, and to this end have passed
a vote to dispose of the corporate property at private sale and have
arranged to transfer it to a competing company in which some of
the defendants are also stockholders at a sum much less than its
true value, states a case within the jurisdiction of a court of
chancery.

Facts stated in a bill in equity by an allegation that the complainant
is informed and believes them to be so are not admitted by a de-
murrer; for as to such averments the demurrer admits nothing
more than that the complainant is so informed and believes.

The directors of a corporation cannot represent it in transactions with
another corporation in which they are shareholders, if their in-
terest in the latter company might induce them to favor it at the
expense of the former.

APPEAL IN CHANCERY. Heard on demurrer to the bill of complaint in vacation after the March Term, 1916, Washington County, *Butler,* Chancellor. Decree, sustaining the demurrer, adjudging the bill insufficient and dismissing the same. Plaintiff appealed. The opinion states the case.

*Edward H. Deavitt* for plaintiff.

*John W. Gordon* and *S. Hollister Jackson* for defendants.

MUNSON, C. J. This complaint is prosecuted by Frank M. Corry, trustee of the Wetmore & Morse Granite Company, against the Barre Granite & Quarry Company and certain of its stockholders, in behalf of himself as trustee and all stockholders of the Barre Company not made parties defendant. The complaint was demurred to for want of equity and on several grounds specially assigned, and was adjudged insufficient and dismissed.

The Wetmore & Morse Granite Company, hereinafter referred to as the Wetmore Company, is a corporation organized and existing under the laws of this State. The Barre Granite & Quarry Company, herein referred to as the Barre Company, is a corporation organized and doing business under the laws of Maine and having its principal offices at Portland in that State, and at Barre City in this State. It was incorporated for the purpose of carrying on the business of quarrying granite in the town of Barre in this State.

The complaint alleges that the capital stock of the defendant corporation is $200,000, divided into 20,000 shares, of the par value of $10 each; that the plaintiff trustee was on the 7th day of August, 1916, and ever since has been, the owner of 105 shares of said stock; that ever since that date a majority of the stock of the defendant corporation has been owned and controlled by defendants Donald Smith, Angus A. Smith, H. Nelson Jackson and S. Hollister Jackson.

The matters alleged as the ground for relief are these: On the 10th day of August, 1916, a special meeting of the stockholders of the defendant company was held in Portland pursuant to a notice which specified as the business of the meeting the filling of vacancies in the board of directors, and to see what the corporation would do "to settle its indebtedness, whether by sale

of its properties or otherwise; and, if by sale, to empower an agent to make proper transfers and to wind up its affairs." At this meeting, the four stockholders above named were elected directors to fill vacancies in the board, which as now constituted consists of five. The following resolution was then offered: "That it is the sense of this meeting that it will be to the advantage of the stockholders to sell all the assets of the corporation, settle the outstanding bills and dissolve the corporation; the directors are therefore instructed to endeavor to find a customer or customers for the property, and whenever they find a customer or customers who are ready and willing to purchase the whole or any part of said property at a price which in their judgment is advantageous to the stockholders, they are authorized to complete said sale and as agents of said corporation to execute and deliver * * such instruments of sale as may be necessary. * * *" Mr. Deavitt, who was present as proxy for the plaintiff and another stockholder originally a party plaintiff, offered an amendment which provided that any sale should be at public auction. This amendment was rejected by a vote of 5,601 shares to 106 shares, and the resolution was then adopted by the same vote. The plaintiff's shares were voted in favor of the amendment and against the adoption of the resolution. Deavitt orally objected to the voting on these questions of the 5,599 shares owned by Donald Smith and H. Nelson Jackson, on the ground that they held the stock in behalf of the E. L. Smith Company, a corporation organized under the laws of Vermont, and that it was a fraud on the other stockholders to thus vote the stock,—the E. L. Smith Company being engaged in a business similar to that of the Barre Company, and there being other quarry companies and individuals who were ready to purchase this property at auction. The assets of the Barre Company, other than book accounts and bills receivable, consist of land in the town of Barre upon which are located granite quarries, together with buildings, machinery and personal property thereon, and on which the Barre Company has been for the past ten years, and now is, engaged in quarrying granite; having no quarrying or other business in any other place. Surrounding this land are lands owned severally by the E. L. Smith Company, the Wells-Lampson Quarry Company, and the Wetmore & Morse Granite Company, all going Vermont corporations, engaged in the business of quarrying granite, and each having its principal office

in this State. The land of the Barre Company is particularly valuable to these companies because of its location. The complaint avers upon information and belief that the individual defendants, being four of the five directors of the defendant company, have conspired together to operate said corporation and control a sale of its assets for their own personal benefit to the detriment of the plaintiff and other minority stockholders, and with intent to deprive the minority stockholders of their property are arranging to turn over the assets of the corporation to the E. L. Smith Company, or some person for it, at a sum much less than its true value. It is alleged that the plaintiff Corry is the president of the Wetmore Company, and that if the real and personal property of the defendant corporation is put up at auction he will start the bidding on account of the Wetmore Company at $120,000; and that the property is worth $150,000 or more.

The defendants invoke the rule that a court will not take jurisdiction of the internal affairs of a foreign corporation; and contend that the relief sought here would be an interference with the internal affairs of the defendant company. It is doubtless well settled that the general rule is as above stated; but there is some disagreement as to what constitutes the affairs thus designated, and courts have had difficulty in formulating a rule to serve as a test in all cases; as will appear from an examination of the decisions. See *North Star, etc., Co.* v. *Field,* 64 Md. 151, 20 Atl. 1039; *Babcock* v. *Farwell,* 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; *State* v. *De Groat,* 109 Minn. 168, 123 N. W. 417, 134 Am. St. Rep. 764; *Condon* v. *Mutual Reserve Asso.,* 89 Md. 99, 42 Atl. 944, 44 L. R. A. 149, 73 Am. St. Rep. 169; *Madden* v. *Penn., etc., Light Co.,* 181 Pa. 617, 37 Atl. 817, 38 L. R. A. 638. Except in cases involving the exercise of visitorial powers, the question presented by applications for relief in cases of this character "is not strictly one of jurisdiction, but rather of discretion in the exercise of jurisdiction." The refusal to take jurisdiction is often put upon the ground of policy and expediency; on a want of power to enforce a decree rather than on a lack of jurisdiction to make it. *Babcock* v. *Farwell, supra; Edwards* v. *Schillinger,* 245 Ill. 231, 91 N. E. 1048, 33 L. R. A. (N. S.) 895, 137 Am. St. Rep. 308; *State* v. *No. Am. Land Co.,* 106 La. 621, 31 South. 172, 87 Am. St. Rep. 309; *Chicago Title, etc., Co.* v. *Newman,* 187 Fed. 573, 109 C. C. A.

263; *Beard* v. *Beard,* 66 Or. 512, 133 Pac. 797, 134 Pac. 1196; Note, 19 Ann. Cas. 84; Note, Ann. Cas. 1913 E. 457.

Irrespective of the question as to the proper test to be applied in determining what are the "internal affairs" of a corporation, it may safely be said that when a corporation is nonresident only in that it is the creation of another state,—its officers, agents, stockholders, business and property all being within the jurisdiction of the court,—policy and expediency do not require the court to deny relief in a proper case on the ground that the internal affairs of the corporation will be affected. Where the relief sought is within the general jurisdiction of a court of chancery, and all the parties necessary to the full and proper adjustment of the rights involved are before the court, and where the relief sought does not require an exercise of the visitorial power of the government, the court should determine the controversy instead of remitting suitors to a foreign jurisdiction. *Babcock* v. *Farwell, supra; Edwards* v. *Schillinger, supra; State* v. *No. Am. Land Co., supra; Wineburgh* v. *U. S. Steam, etc., Co.,* 173 Mass. 60, 53 N. E. 145, 73 Am. St. Rep. 261; *Richardson* v. *Clinton, etc., Co.,* 181 Mass. 580, 64 N. E. 400; *Andrews* v. *Miner's Corporation,* 205 Mass. 123, 91 N. E. 122, 137 Am. St. Rep. 428; *Travis* v. *Knox Terpezone Co.,* 215 N. Y. 259, 109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387; 12 R. C. L. 33. It was decided in *Richardson* v. *Clinton, etc., Co.,* that a stockholder's suit brought to obtain relief from the fraudulent acts of the corporate officers is in the nature of a suit by the corporation against wrongdoers, and may be brought in the state where the corporate officers and property are located. See, also, *Wilson* v. *Am. Palace Car Co.,* 64 N. J. Eq. 534, 54 Atl. 415.

It is clear that the general subject-matter of this complaint is within the jurisdiction of the court of chancery. The defendant company, although a foreign corporation, was chartered expressly for the purpose of doing business in this state. Four of its five directors, its business and its property, are within the territorial jurisdiction of the court. The corporation and these directors have been duly served and are before the court. There is no obstacle to prevent the court's enforcement of its decree. In these circumstances, the classification of the affairs of the corporation which are involved in this proceeding, whether internal or otherwise, is of little or no consequence. If the case stated in the bill is one which entitles the complainant to equitable

27

relief the relief may properly be given, even if it involves an interference with the internal affairs of the corporation.

The charge as it stands, upon allegations adequately made, is that the individual defendants, who are a majority of the directors, and own or control a majority of the stock, have conspired to so operate the corporation as to effect a sale of its assets for their own personal benefit and to the detriment of the minority stockholders; and to this end have passed a vote to dispose of the property at private sale, and are arranging to transfer it to the E. L. Smith Company, or some person for it, at a sum much less than its true value. These, and other allegations before stated, present the case of a corporation whose property is so located as to give it the advantage of competing offers, which refuses to sell at public auction, and proposes to sell to a certain party for an inadequate consideration. The letter set up in the bill, in which the directors of the defendant company invite the Wetmore Company to send them in writing its best price for the property, does not meet the situation.

There are several matters stated in the bill which stand solely on an allegation that the complainant is informed and believes. These cannot be considered; for as to these the demurrer admits nothing more than that the complainant is so informed and believes. *Bancroft* v. *Vail,* 91 Vt. 226, 99 Atl. 1014. If one of the allegations thus defectively inserted was made good by an amendment adding the words "and therefore avers," it would appear that nearly all the stock of the E. L. Smith Company, the proposed transferee, is owned by the four directors whom the resolution of the defendant company empowers to make the sale. Upon the case as thus presented there could be no room for doubt. The directors of the defendant company would, in effect, be selling the property to themselves. The right to do this is denied to all persons acting in a fiduciary capacity. The directors of a corporation cannot represent it in transactions with another corporation in which they are shareholders, if their interest in the latter company might induce them to favor it at the expense of the company whose interests have been intrusted to their care. 1 Mor. Pri. Corp., § 520.

The defect in the allegations pointed out renders the bill demurrable, and so the demurrer was properly sustained.

*Decree affirmed and cause remanded with leave to apply.*