AMERICAN CREOSOTE WORKS, Inc., et al. v. POWELL.

(Circuit Court of Appeals, Fifth Circuit. April 3, 1924. Rehearing Denied May 7, 1924.)

No. 4079.

1. Corporations ⊚═208—Equity court has jurisdiction to determine stockholders' suit on behalf of foreign corporation.

Where equity court has acquired jurisdiction by proper service of process, mere fact that defendant corporation, in whose behalf stockholders' suit is brought, is domiciled in another jurisdiction, will not prevent court from giving appropriate relief.

2. Corporations ⊚═211(6)—Requirements of equity rule for bringing stockholders' suit dispensed with, where interests of directors antagonistic.

Equity rule No. 27, prescribing requirements of stockholders' bill, is not jurisdictional, but merely requires bill to show equity, and requirement for certain preliminary steps by stockholders before bringing suit will be dispensed with, where interests of directors are antagonistic to corporation, and this fact is shown by pleadings.

3. Corporations ⊚═211(6)—Allegations of stockholders' bill held to show suit not collusive, to give equity court jurisdiction.

Stockholders' bill, alleging that issuance of additional stock and transfer of realty to corporation was intended to injure plaintiff by diluting capital stock, and that it would be useless to call on the board of directors, composed of president, his wife, son, secretary, and stenographer held sufficient to show that suit was not collusive, to confer jurisdiction on equity court under equity rule No. 27, especially where objection was made for first time on appeal.

4. Appeal and error ⊚═195—Objection that trial bill misnamed, made for first time on appeal, not considered.

Objection that trial bill should be named supplemental rather than amended bill, made for first time on appeal, could not be considered.

5. Equity ⊚═143(3)—That stockholders' bill incidentally sought relief to stockholder held not to make it multifarious.

That in stockholders' bill, seeking annulment of acts done by corporation, brought about by wrongful acts of controlling stockholder, plaintiff sought to have returned to him money paid for stock, incidental to relief of corporation, held not to make bill objectionable, as being multifarious.

6. Appeal and error ⊚═187(3)—Objection to sufficiency of stockholders' bill for lack of necessary parties, made first on appeal, not considered.

Where no objection to stockholders' bill for lack of parties defendant was made at trial, and record showed that all directors were in court as witnesses or participants, objection could not be considered on appeal, especially as persons not joined as defendants were admittedly merely nominal parties.

7. Equity ⊚═363—Motion to dismiss for want of equity denied, unless clear bill must be dismissed at hearing.

Motion to dismiss bill for want of equity on its face will be overruled, unless it is clear that, taking allegations to be true, bill must be dismissed at hearing.

---

⊚═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. Equity ⟺363—Allegations of stockholders' bill held sufficient to warrant overruling motion to dismiss for want of equity on face of bill.**

Allegations of stockholders' bill to annul acts of corporation as being intended to' injure plaintiff as minority stockholder, for benefit of president and controlling stockholder, *held* sufficient to warrant overruling motion to dismiss bill for want of equity on its face.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit by Edwin L. Powell against the American Creosote Works, Inc., and others. Decree for plaintiff, and defendants appeal. Affirmed.

Certiorari denied 44 Sup. Ct. 638, 68 L. Ed. ——.

Wm. B. Grant and Charlton R. Beattie, both of New Orleans, La., for appellants.

Geo. Denegre, Victor Leovy, Henry H. Chaffe, Henry P. Dart, Henry P. Dart, Jr., H. Generes Dufour, Abraham Goldberg, J. Blanc Monroe, Monte M. Lemann, and Eugene J. McGivney, all of New Orleans, La. (Dart, Kernan & Dart, Dufour, Goldberg & Kammer, Eugene J. McGivney, and Monroe & Lemann, all of New Orleans, La., on the brief), for appellee.

Before BRYAN, Circuit Judge, and SIBLEY and HUTCHESON, District Judges.

HUTCHESON, District Judge. This is an appeal from a decree in a stockholders' suit, brought by Edwin L. Powell against the American Creosote Works, Inc., and S. W. Labrot. The decree directed the annulment of the proceedings of the stockholders and directors of the defendant corporation taken in September, 1921, providing for the issuance of additional stock out of the stock in the treasury authorized by charter, the annulment and cancellation of the actual shares of stock issued pursuant to said proceedings, and provided also for the annulment of the transfer by defendant Labrot to defendant corporation of certain ·real estate in Washington, D. C. The decree further provided that:

"All stock issued by the defendant company under the proceedings hereinabove referred to be and it hereby is annulled, and'it is hereby ordered and decreed that the defendant company receive the certificates for such stock from the parties to whom they were issued, and return to such parties the amounts paid by them therefor, with legal interest thereon from the date of payment."

In the oral argument before this court counsel for appellants stated that they desired to present only the points arising on their motion to dismiss the bill or bills of plaintiff, and that, if this court was of the opinion that the bill should have been retained by the District Court for hearing, they were willing to abide the judgment which that court had rendered on the merits. In short, all of the assignments directed to the action of the court on the actual trial of the case, and to the remedial portions of the decree, were waived, and there was submitted to this court for determination only the question whether the bill should not have been dismissed for some of the reasons asserted against it in the court below.

[1] In their brief on the motion to dismiss the bills of complaint appellants state the issue on page 3 thereof thus:

"Defendant American Creosote Works, then the only party before the court, filed a motion to dismiss on the several grounds that the court had no jurisdiction in the premises, and because the bill did not state any matter of equity entitling complainant to the relief prayed for, or that complainant has been injured or would be injured."

On page 6 they say:

"Exceptions to the jurisdiction and for lack of equity were also taken to this bill (that is, the second) by both defendants."

The jurisdictional point pressed by the defendant was that this was a stockholders' bill involving the internal affairs of the corporation, which was of Maryland creation, and that such matters were only properly litigable in the courts of the corporation's domicile. We think both reason and authority are against this position. In those cases where courts not of the domicile have declined to take cognizance of internal controversies, the action has been based upon considerations of convenience rather than of jurisdiction. It has never been held that the court having jurisdiction by proper process of a corporation and its officers is without jurisdiction to extend the full relief asked for in the bill, merely because of the fact that the controversy involves internal management and the corporation is domiciled in a state other than that of the forum. Babcock v. Farwell, 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; Richardson v. Clinton, 181 Mass. 580, 64 N. E. 400; Corry v. Barre Granite & Quarry Co., 91 Vt. 413, 101 Atl. 38; American Seating Co. v. Bullard (C. C. A.) 290 Fed. 901; Travis v. Knox Terpezone Co., 215 N. Y. 259, 109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387. In this last-named case the Court of Appeals of New York stated the matter thus:

"To trace in advance the precise line of demarkation between the controversies affecting a foreign corporation in which jurisdiction will be assumed and those in which jurisdiction will be declined would be a difficult and hazardous venture. A litigant is not, however, to be excluded because he is a stockholder, unless considerations of convenience or of efficiency or of justice point to the courts of the domicile of the corporation as the appropriate tribunals."

And in Wineburgh v. United States, etc., 173 Mass. 60, 53 N. E. 145, 73 Am. St. Rep. 261 that court said:

"Perhaps the ground most relied on is that the defendant corporation is a foreign corporation, and therefore that this court will not take jurisdiction. There is no question that it can take jurisdiction if it sees fit, as the corporation has been served with process, and has appeared. We do not find in the cases, and we have not heard in argument, any suggestion of authority or reason for not using our power."

It is our view that, jurisdiction of a court of equity having attached by proper service of process, no reason exists or suggests itself why, if the bill brings in the proper parties to make the decree effective, the mere fact that the corporation defendant, in whose interests and be-

half the suit is brought, is domiciled in another jurisdiction, should prevent the court from giving the relief which the facts require, and we therefore overrule the assignments and propositions upon the lack of jurisdiction of the court because of the foreign domicile of the defendant corporation.

[2] The second point upon lack of jurisdiction, and the point most vigorously urged in the brief on motion to dismiss, is that the bills were in reality stockholders' bills, and failed to comply with equity rule 27, in that the bill did not contain the allegation "that the suit is not a collusive one, to confer on the *United States District Court for the Eastern District of Louisiana jurisdiction of matters of which it would not otherwise have cognizance.*" Rule 27 is not in fact jurisdictional, but rather goes to whether the bill itself shows an equity. Illinois Central R. R. Co. v. Adams, 180 U. S. 28, 21 Sup. Ct. 251, 45 L. Ed. 410. And in addition that rule is intended to have practical operation, and to have that it must as to its requirements be given such play as to fit the condition of different cases. Delaware & Hudson Co. v. Albany R. Co., 213 U. S. 435, 29 Sup. Ct. 540, 53 L. Ed. 862.

Again, that part of the rule which requires certain preliminary steps to be taken by stockholders before bringing suit will be dispensed with when the interests of the directors are antagonistic to those of the corporation, or where this fact is shown by the pleadings. Ogden v. Gilt Edge Consolidated Mines Co., 225 Fed. 723, 140 C. C. A. 597; Krouse v. Brevard, 249 Fed. 538, 161 C. C. A. 464; Heinz v. National Bank of Commerce, 237 Fed. 942, 150 C. C. A. 592; United Copper Co. v. Amalgamated Copper Co., 244 U. S. 261, 37 Sup. Ct. 509, 61 L. Ed. 1119.

[3] The bill on which the case went to issue and was tried, though erroneously styled "supplemental bill," is in effect and fact an amended bill, and was so treated by the parties, and this bill, after alleging the transactions complained of as having been brought about through the activities of Sylvester W. Labrot, president of the company, with whom were associated his wife, his son, a bookkeeper for the company, and the personal stenographer and secretary of Labrot, and charging that these activities were done for the purpose of oppressing, damaging, and injuring the plaintiff, by depriving him of his rights by diluting the capital stock, etc., which the defendant Labrot was able to do by reason of his domination of the company, alleged that it appears from the original bill of complaint and the first supplemental bill of complaint filed herein, and from the second supplemental bill, that the said Sylvester W. Labrot controls and dominates the affairs of the defendant corporation, American Creosote Works, and that it would be vain and useless to call upon the board of directors of said company, composed as it is of the said Labrot, his wife, his son, and his secretary and stenographer, to bring a suit against him in behalf of said defendant company. In view of these allegations in the bill, and the authorities cited, we think it clear appellants' position is without substance and this is made more clear since the point was not taken in the court below, either by motion or by argument on the

demurrer, when formal allegations could and would have been supplied.

[4] In addition to the matters already discussed, defendants raise the following questions as to the sufficiency of the bill: (1) The trial pleading was a supplemental, rather than an amended bill; (2) multifariousness, on account of misjoinder of causes of action and parties; (3) the lack of parties defendant; (4) that there was not sufficient equity on the face of the bill to permit its being retained for trial on the merits.

As to the first point, it is sufficient to say that it is "tithing mint, anise, and cummin" and "sticking in the bark" to present, for the first time on appeal, that a trial bill of complaint is misnamed "supplemental." Especially is this so since, in the answer, which was styled "Answer to the Three Bills of Complaint," the case was treated as pending on a properly amended bill. On page 86 of the record the following appears:

"And now comes Sylvester W. Labrot, and excepts to the original bill of complaint, and the first and second supplemental and amended bills of complaint, herein filed, and for cause of exception says: (1) That this honorable court has no jurisdiction. (2) That there is a misjoinder of actions. (3) That there are insufficient facts alleged to constitute a valid cause of action in equity."

And on page 144 of the record is the following:

"The exceptions of the American Creosote Works, Inc., defendant, to the second supplemental and amended bill of complaint, for lack of equitable jurisdiction, misjoinder of actions, and insufficiency."

[5] As to the second point, multifariousness, we think it clear that the bill is not subject to this objection. The whole purpose of the bill was to undo acts committed by the corporation under the influence and domination of Labrot. It was in the interest of the corporation, and it was to obtain for that corporation the annulment of those things which Labrot had wrongfully brought about. The fact that incidental to the relief of the corporation the plaintiff was to have restored to him the moneys paid for stock could not affect the question of joinder, since the repayment for the stock issued to him was corollary merely to the cancellation and annulment of the entire stock issued, which was the purpose and design of the bill.

[6] The third point, the want of proper parties, was not made in the court below, where, had it been made, the record shows it could have been easily complied with, since, as the record shows, all the directors were in court, either on the witness stand or as participants in the trial; but, in addition, it plainly appears, from the allegations of the bill and the proceedings on the trial, that the other persons, whose nonjoinder is in this court for the first time complained of, were not substantial, but merely nominal, parties, whose presence as defendants would have added nothing to the substantial merits of the bill. Courts sit to try matters of substance, and not of shadow. In the answer defendant says:

"It is admitted that the defendant Labrot controls the affairs of the corporation, and defendant says that he has always controlled them."

It would be for this court to close its eyes to matters of substantial fact in view of this record, and especially of the admission here that the decree itself is not complained of, to now hold that the bill was defective for want of a necessary party. The trial court in its decree directs no order to these nominal stockholders with reference to their stock, but the decree is confined to the direction to the defendant American Creosote Works to receive the certificates from those to whom they were issued, and return to them the moneys paid therefor, and, if any substantial interest in any of the stock in fact exists in any of these persons not made parties, they have but to decline to surrender the certificates, because their rights are not, and have not been sought to be, prejudiced by the entered decree.

[7] This leaves for disposition only the fourth point made against the bill, whether it on its face stated enough to justify the trial court in overruling the motion to dismiss for want of equity, and retaining the cause for trial. The rule which prevails in courts of equity in disposing of motions to dismiss for want of equity on the face of the bill is to overrule the motion, and let the case go to hearing, unless it is absolutely clear that taking the allegations to be true, the bill must be dismissed at the hearing. Krouse v. Brevard Tannin Co., 249 Fed. 538, 161 C. C. A. 464.

In Ralston Steel Car Co. v. National Dump Car Co. (D. C.) 222 Fed. 592, the court, in refusing a motion to dismiss, said:

"Without subjecting the bill in equity to minute analysis, I think it clearly is not without equity. * * * Under our practice, the federal courts are inclined to allow a case in equity involving important matters to go to issue and proofs, where a doubtful question is raised by the pleadings."

These considerations, which define the action of the trial court in considering a motion to dismiss, are accentuated here by the position in which appellants stand before this court, conceding the correctness of the decree of the lower court, if there is sufficient in the bill to sustain it. We think it entirely clear that this court should dispose of this motion against the bill for want of equity without subjecting the bill to any critical or minute analysis.

[8] On its face the bill presents the broad proposition that Labrot, owning actually and beneficially all the stock of the company, except that owned by the plaintiff in this case, set on foot for his own ends acts and transactions to be undertaken and accomplished by the corporation, which would result in the fulfillment of his own interests and injuring those of the plaintiff, and it has been found by the court below that these transactions constitute a substantial detriment to the plaintiff, and were taken under circumstances which required their annulment, whether these transactions were ultra vires, or what the particular character and extent of the fraud and oppressiveness, is immaterial for considering the bill on its face, it presents a series of transactions taken by the corporation for the benefit of the president and against the interests of the minority stockholders, which actions were induced and completed through the domination and control of corporation by the president.

Courts have been ever jealous to assert and enforce the principle that no man can be a judge in his own cause, nor can any man manipu-

late his position as trustee in his own interest. When it appears that transactions have occurred in which a trustee is dealing with himself, the courts are intent on finding ways to defeat, rather than sustain, such transactions. It appearing, then, on the face of the bill, that a fiduciary has been dealing with a trust estate for his own benefit, and that fiduciary appearing now before this court with the admission that he makes no complaint against the decree of the court below, the action of that court in overruling the motion to dismiss the bill must be affirmed.

Finding no. error in the matters complained of, it results that the action of the lower court must be in all things affirmed.