## HARR et al. v. PIONEER MECHANICAL CORPORATION.

### No. 365.

Circuit Court of Appeals, Second Circuit.
May 29, 1933.

See also 1 F. Supp. 294.

Albert M. Lee, of New York City (J. George Levy, of New York City, of counsel), for appellants.

Cotton, Franklin, Wright & Gordon, of New York City (Paxton Blair, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs, stockholders in the defendant corporation, brought this suit in behalf of themselves and all other stockholders in like situation who might become parties. The estate of Lew Lysle Harr, which is being administered under the laws of New York by an executor who resides there, owns 1,000 shares of the preferred stock of the Pioneer Mechanical Corporation, and the L. L. Harr Corporation of New York, a New York corporation, owns 2,497 shares of the preferred stock and 5,200 shares of the common stock of the defendant. The defendant is a Delaware corporation which was organized in April, 1929, under the name of Wells-Newton National Corporation. Its principal office and place of business is in New York City. It is a holding corporation. Its corporate name was duly changed to Pioneer Mechanical Corporation. It was authorized to do business in New York in June, 1929. All books and records are kept in New York and all its business is transacted there. It merely maintains in Delaware a nominal office

sufficient to comply with the corporation law of that state.

When the stock of the plaintiffs in the defendant corporation was acquired, its authorized capital consisted of 50,000 shares of preferred stock having no par value but carrying cumulative preferred dividends at the rate of $4 per year "and no more, payable out of any and all surplus or net profits of the corporation quarterly, half-yearly or yearly, as and when declared by the board of Directors before any dividends shall be declared and set apart for, or paid upon, the common shares of the corporation," and 250,000 shares of common stock without par value.

At the time the stock of the plaintiffs was acquired, section 26 of the Delaware Corporation Law (Rev. Code Del. 1915, § 1940), as amended in 1927 (35 Del. Laws, c. 85, § 10), provided that a Delaware corporation " * * * may, from time to time, when and as desired, amend its Certificate of Incorporation by addition to its corporate powers and purposes, or diminution thereof, or both; or by substitution of other powers and purposes, in whole or in part, for those prescribed by its Certificate of Incorporation; or by increasing or decreasing its authorized capital stock or reclassifying the same, by changing the number, par value, designations, preferences, or relative, participating, optional, or other special rights of the shares, or the qualifications, limitations or restrictions of such rights, * * * provided, however, that if any such proposed amendment would alter or change the preferences, special rights or powers given to any one or more classes of stock, by the Certificate of Incorporation, * * * so as to affect such class or classes of stock adversely, or would increase or decrease the amount of the authorized stock of such class or classes of stock, or would increase or decrease the par value thereof, then the holders of the stock of each class of stock so affected by the amendment shall be entitled to vote as a class upon such amendment, whether by the terms of the Certificate of Incorporation such class be entitled to vote or not; and the affirmative vote of a majority in interest of each such class of stock so affected by the amendment shall be necessary to the adoption thereof, in addition to the affirmative vote of a majority of every other class of stock entitled to vote thereon. * * * * "

The preferred stock held by the plaintiffs was, when they got it, also entitled on liquidation to $60 per share and all accrued dividends before any distribution was made to common share holders.

On January 1, 1931, the defendant had a deficit of $31,855.12. No dividends were declared on its preferred stock from September 15, 1930, to and including March 15, 1932. On the last-mentioned date each preferred share was $7 in arrears in dividends. On December 9, 1931, the directors authorized a reduction in the capital stock, which was ratified by the stockholders on March 24, 1932. This reduction was reflected in an "Analysis of Consolidated Surplus as of December 31, 1931," which was prepared by the defendant, and which on that basis showed a surplus of $345,697.27 as of that date. A special meeting of stockholders was duly called for March 10, 1932, and adjourned to March 24, 1932, when the stockholders adopted a proposal made by the board of directors as voted at a special meeting of the board on December 9, 1931. Pursuant to the proposal as adopted, the defendant filed an amended certificate of incorporation in the office of the Delaware secretary of state authorizing the issuance of 26,000 shares of new prior preference stock, 26,000 shares of new preferred stock, and 108,000 shares of new common stock, all without par value. The plaintiffs opposed ratification of the proposal, and this action was taken in spite of their opposition. The changes in the status of the holders of stock by virtue of the adoption of this proposal were, so far as now material (1) that new prior preference stock was authorized which should be entitled to receive dividends at the rate of $2.50 a share yearly before any dividends were payable on the shares held by the plaintiffs; (2) that, upon liquidation, or upon any distribution of capital, the holders of these new prior preference shares should be entitled to receive $35 per share in addition to all accrued and unpaid dividends before the shares held by the plaintiffs would be entitled to anything; (3) that old preferred stock holders might convert that stock into prior preference stock upon payment of $2.50 per share or at their option might accept new preferred stock on an even exchange of share for share; (4) that the rights of old and new preferred stock holders to receive accrued dividends on the old preferred stock before common or other stock holders received either ordinary or liquidating dividends were abrogated.

The defendant, it was alleged, was about to offer the prior preference stock for sale to the public in disregard of the rights of the plaintiffs whose stock would be thereby diminished in value; the defendant corporation subjected to the expense of litigation insti-

tuted by purchasers who would buy stock upon representations false in that the stock was not entitled to the rights and preferences over the old preferred stock as the defendant represented; and the assets of the corporation would thereby be wasted. A declaratory judgment was sought fixing the rights of the respective stockholders as well as an injunction restraining the defendant and all persons acting in its behalf from "(1) selling, offering or advertising for sale prior preference stock, with the representation that said stock is entitled to priority with respect to dividends or assets of defendant, over the unpaid cumulative dividends on the old preferred stock which have accrued between September 15, 1930 and March 15, 1932, inclusive; (2) issuing or delivering any certificates of prior preference stock of defendant sold with the aforementioned representations."

After the cause was removed, a motion was made by the plaintiffs to remand to the state court on the ground that the District Court was without jurisdiction to entertain an action for a declaratory judgment. The judge who heard the motion denied it on the ground that the suit was in any event for an injunction and presented a controversy on that basis which was in all respects within the jurisdiction upon removal. The plaintiffs noted their appeal from this ruling, but have now waived it. However, they still insist that they are entitled to a declaratory judgment, and rely especially upon the recent decision in Nashville, Chattanooga & St. Louis Ry. Co. v. Wallace, 288 U. S. 249, 53 S. Ct. 345, 77 L. Ed. ——.

■ Passing this phase of the case for the moment, it must be noted that the decision in Rogers v. Guaranty Trust Co., 288 U. S. 123, 53 S. Ct. 295, 77 L. Ed. ——, makes it not altogether clear that jurisdiction of this cause was properly retained instead of remitting the parties to the courts of Delaware for the determination of rights involving the internal management of a corporation of that state. These rights depend upon the interpretation of a Delaware statute, and relate primarily to the status of the holders, and purchasers who will become holders, of different classes of stock in the defendant corporation. Such controversies, it cannot be denied, are usually matters the courts of the state of the domicile can decide with greater convenience and without the danger of divergent, if not contrary, decisions on the same issues in different jurisdictions. Yet there are instances when courts may and should take jurisdiction

of the subject-matter even though it involves the conduct and management of the internal affairs of a corporation domiciled elsewhere. We think this is such an instance. The defendant is a Delaware corporation by legal creation, but in every real sense is of New York only, where all its business is done, all its property is located, and all its records are kept. The constitutionality of the Delaware statute is not in issue, for it was in effect before this corporation was organized; and the statute has already been interpreted by the courts of Delaware. These considerations seem to us make the balance of convenience in favor of deciding to exercise as a matter of discretion the jurisdiction we have as a matter of law. Babcock v. Farwell, 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; Wineburgh v. U. S. Steam & Street Ry. Adv. Co., 173 Mass. 60, 53 N. E. 145, 73 Am. St. Rep. 261; Andrews v. Mines Corporation, 205 Mass. 123, 91 N. E. 122, 137 Am. St. Rep. 428; Richardson et al. v. Clinton Wall Trunk Mfg. Co., 181 Mass. 580, 64 N. E. 400; Corry v. Barre Granite & Quarry Co., 91 Vt. 413, 101 A. 38; Travis v. Knox Terpezone Co., 215 N. Y. 259, 109 N. E. 250, L. R. A. 1916A, 542, Ann. Cas. 1917A, 387; Cunliffe v. Consumers' Association of America, 280 Pa. 263, 124 A. 501, 32 A. L. R. 1348. We believe this case differs from Rogers v. Guaranty Co., supra, at least in the particulars mentioned.

■ Whether or not the plaintiffs are entitled to the injunction they seek depends upon their rights under the law of Delaware under which the corporation in which they hold stock was chartered. It was held in Morris v. American Public Utilities Co., 14 Del. Ch. 136, 122 A. 696, which was cited with express approval by the Supreme Court of Delaware in Penington v. Commonwealth Hotel Construction Corporation, 17 Del. Ch. 394, 155 A. 514, 75 A. L. R. 1136, that, when new classes of stock were created by amendment in accordance with the provisions of the Delaware statute as it then stood and were made senior to issued stock in respect to the declaration and payment of dividends in futuro, only preferences were involved which could be changed if the requisite shareholders within the affected class so voted. But it was also held that the cancellation of accumulated dividends on preferred stock was more than the alteration of a preference, and invaded rights possessed by such preferred stockholders. This was worked out upon the theory that, even though a corporation has no surplus and no earnings out of which dividends may law-

fully be declared, the lapse of time beyond the normal dividend date makes cumulative dividends on preferred stock past due and gives the holders of such stock rights which, under the Delaware law as of that date, could not be taken from them. We do not find it necessary to adopt the position taken in the Morris Case in regard to the standing of cumulative preferred stock when no dividends have been declared; when there has been no surplus or earnings from which they could be paid if declared; and the only right, if any, to dividends has come about merely through the passage of time. It is enough for present purposes to point out that we feel bound to give effect to what we consider should be taken to be a statement of the law of Delaware which has been approved by its Supreme Court. Treating, then, undeclared dividends on cumulative preferred stock, which by reference to time only are past due, as something in which the holders of such stock have rights of which they could not be deprived under the law of Delaware at the time the Morris Case was decided, it remains to be seen whether an amendment to the Delaware statute, passed before the defendant corporation was chartered and in effect when the amendment to its charter was proposed and ratified, changed the situation.

So far as now material, the change in the statute expressly authorized the alteration of "relative, participating, optional, or other special rights of the shares, or the qualifications, limitations or restrictions of such rights," and included in the provision that an affirmative vote of a majority in interest of each class of stock affected by the proposed amendment to the charter should be necessary in addition to the affirmative vote of a majority of every other class entitled to vote thereon when the amendment "would alter or change the preferences, special rights or powers given to any one or more classes of stock." Whatever rights may be possessed under Delaware law by these plaintiffs in respect to dividends already called past due, they must be included within the language of the amended and applicable statute, for they cannot help but come within the scope of "relative, participating, optional, or other special rights of the shares." They may now therefore be altered as were the preferences considered in the Morris Case, and accordingly the injunction was properly denied. Those who see fit to become or to remain stockholders in a Delaware corporation can but weigh whatever seems to be the advantage against that which appears to them otherwise and strike the balance. The case of Penington v.

Commonwealth Corporation, supra, dealt with the right of holders of cumulative preferred stock to a preference in payment of past-due dividends upon dissolution and not with the power to amend the charter to deprive such stockholders of that right.

Not only was the injunction denied, but the bill of complaint was dismissed "without prejudice, however, to the assertion by the plaintiffs of their rights, if any, against the defendant in respect of the holders of the old preferred (reclassified as new preferred) stock of the defendant, or of the holders of the common stock of the defendant, arising out of the matters set forth in the aforesaid amended complaint, the determination of such rights being beyond the jurisdiction and powers of this court." Having properly held that the court had jurisdiction over that part of the action which was based on the claim to injunctive relief, we think it was error to dismiss the bill for want of jurisdiction over what was called an action for a declaratory judgment. The name given to the relief sought is of no particular moment. The controversy is clearly adverse and over matters which are justiciable in a District Court when there is diversity of citizenship and the requisite amount is involved. We think Nashville, C. & St. L. Ry. v. Wallace, supra, is authority for deciding the cause fully on the merits. An added reason is found in that, where equitable jurisdiction has been properly invoked in an adversary suit for the purpose of seeking an injunction, the court may dispose of the entire controversy between the parties to the action.

On the merits, however, the rights of the parties depend upon the construction of the Delaware statute, and, for the reasons already stated in discussing the denial of the prayer for an injunction, we are of the opinion that the bill should have been dismissed for want of equity.

Decree modified accordingly.

L. HAND, Circuit Judge (dissenting in part).

I agree in all respects with my brothers except as to the effect of the amendment of 1927 to section 26 (35 Del. Laws, c. 85, § 10). The original form of the section gave power to a corporation to "alter or change the preferences given to any one or more classes of [preferred] stock." The most telling words of the amendment are, "by changing the * * * preferences, or * * * participating * * * or other special rights." I read these in the alternative; that is, "pref-

erences," or participating or other special rights not "preferences." As we are concerned with "preferences," stricti juris, the effect of the new law remains the same, for the right to past cumulative dividends is a part of the preference of the preferred shares. Of course, the amendment shows a general disposition to enlarge the corporate powers, but that I should hardly think extended to "preferences" when those are left as they were originally. Personally I should not have thought that the cumulative dividends conferred any "vested" rights, whatever that much abused word may mean. They seem to me to be no more than a right to an increased dividend when any is declared, or at least when there are earnings. But like my brothers I yield on that to the Delaware courts, which have considered them as creating present rights. If so, I can find no language in the amendment which ought to be construed retroactively any more than the original words ought to have been. Therefore I would declare that the corporation might not declare any dividends on the common shares until the cumulated dividends on the old preferred shares have been paid. As to the new prior preference shares I would dismiss the bill, again following Morris v. American Public Utilities Co., 14 Del. Ch. 136, 122 A. 696.