CHARLES SMITH

*v.*

EASTWOOD WIRE MANUFACTURING COMPANY.

[Filed June 8th, 1899.]

The power to extend the existence of a corporation beyond the period fixed by its charter, on complying with the statute providing therefor, may be exercised unless it is specially excluded by its charter.

On application for preliminary injunction. Heard on bill and affidavit and answer and affidavits.

*Mr. L. D. Howard Gilmour*, for the motion.

*Mr. Frank H. Sommer* (Guild, Lum & Sommer), *contra*.

EMERY, V. C.

Complainant, who holds sixty out of a total of three hundred and twenty shares in the defendant company, files a bill to enjoin defendant company from continuing its corporate existence beyond the time limited by its original certificate. It was organized under the General Corporation law on February 18th, 1880, and in the certificate the duration of the corporate existence was fixed at twenty years, and to terminate on February 19th, 1900. By the Corporation act in force at the time of the organization—act of April 7th, 1875, § 11 (*Rev. p. 180*)—the period of existence was limited to fifty years, and by a supplement to this act, passed April 21st, 1876 (*Rev. Sup. p. 150*), also

then in force, it was made lawful for any corporation before or afterwards created, at any time before the expiration of the period named in its certificate, to file a certificate under its seal, attested by its presiding officer, declaring its desire to extend the period of corporate existence for any time mentioned, not exceeding fifty years, and upon the making and filing of this certificate, it is provided (section 2) that the period of existence shall be extended as declared in the certificate as fully as if the said period had been named in the original certificate. No special method in which the corporation was to take action extending its existence was provided in this act, or by any other act, until the revision of 1896 (*ch. 185* § *27*) provided that the extension should be made by the passage of a resolution of the board of directors, declaring the change advisable and calling a meeting of the stockholders upon notice, and upon two-thirds of the stockholders voting in favor of the extension, a certificate to that effect is to be signed by the president and secretary under seal, and after acknowledgment to be filed in the office of the secretary of state. It is further provided that upon so filing this certificate, the original certificate of incorporation shall be deemed to be amended accordingly. In the present case the proceedings for the extension of the corporate existence for fifty years from the time limited in the original certificate have been taken under this section, the resolution of the board duly passed, the meeting of stockholders held and the extension authorized by a vote of two hundred and sixty shares (all of the shares except complainant's sixty) and the certificate has been duly signed and acknowledged and is ready for filing. The filing is restrained by temporary stay pending this application.

The case of complainant is based on the claim that by the certificate of organization a contract between the stockholders in reference to the time of its existence was created, and that this contract between the stockholders themselves as to its duration cannot be affected by the right to extend the period of existence, under the law which existed at the time of organization, but the provisions of which as to extending duration were not incorporated in the original certificate itself. In the absence of

such express incorporation of the provisions of the law into the certificate of stockholders, it is claimed that the original contract is not affected by the act of 1876, allowing the corporation to extend its existence, for the reason that this act is to be considered only an act authorizing and validating the act as between the state and the company, but not intended to affect the contract as to the essential feature of duration which is left to be determined by the stockholders themselves. Upon the part of defendant it is claimed that this provision of the law of 1876, as to the extension of corporate existence, was a grant of power to corporations organized while the act was in force, and must, as between the stockholders who entered into the certificate contract, be considered to be incorporated with it like other general powers of corporations to affect the contract relation.

The latter view is the one which has been taken by our courts in reference to many of the powers of corporations conferred upon them by laws in force at the time of the organization, although these laws, to some extent, give power to change or modify the contract relation as it appears on the certificate itself, and are not specially adopted or incorporated in the certificate. Such existing laws are read into the contract of incorporation as part of it, and on this doctrine of incorporation, provisions of existing laws for the increase of capital stock, and for a change in the nature of the business, and provisions for the purchase of property with stock, constitute part of the contract between stockholders. *Meredith* v. *Zinc and Iron Co., 10 Dick. Ch. Rep. 211, 218 (Vice-Chancellor Pitney, 1897)*; affirmed on appeal for reasons stated, *11 Dick. Ch. Rep. 454.* And in *Pronik* v. *Spirits Distillery Co., 42 Atl. Rep. 586*, it was said that the same rule was to be applied to the general powers of amendment of certificates authorized at the time of organization.

The period of corporate existence is a matter which *prima facie* concerns the state only, and the limitation to a definite period is an exercise of control in the interest of the public. Stockholders may perhaps, under the laws which authorize special restrictions in· charters, exclude the power of continuing corporate existence beyond a fixed period; but, unless this

power is excluded, the corporation may, as between itself and the stockholders, extend its corporate existence under the laws for that purpose, which existed at the time of the incorporation (provided these laws still remain in force at the time of the proceedings for continuance) or under subsequent laws, by which the state, as it has a right to do, in its control over corporations, restricts rather than enlarges the power of continuing the existence. Under the law of 1876, the corporation could have acted by a majority of its stockholders; under the act of 1896, which repeals the act of 1876, a two-thirds vote is required. The change under the latter act is therefore lawful, and an injunction restraining the filing of the certificate will be refused.