HUDSON et al. v. LIMESTONE NATURAL GAS CO.

(Circuit Court of Appeals, Third Circuit, April 16, 1906.)

COURTS—CIRCUIT COURTS OF APPEALS—TIME FOR TAKING APPEAL—EFFECT OF FAILURE TO PERFECT.

Under section 11 of Act March 3, 1891, creating the Circuit Courts of Appeals, 26 Stat. 829, c. 517 [U. S. Comp. St. 1901, p. 552], providing that no appeal shall be taken to such court except within six months after the entry of the decree or order sought to be reviewed, where, although an appeal was allowed within that time, no citation was issued to the persons who procured the order appealed from, and the record was not filed within the time required by rule 16 of the court (90 Fed. clix, 31 C. C. A. clix), nor until nearly a year after the appeal was allowed, the

court has no power to then award a citation, and, by a nunc pro tunc order, allow the appeal to stand as of the date when the record was filed.

On Motion to Award Citation and Petition for a Nunc Pro Tunc Order Allowing Appeal.

See 132 Fed. 410.

A. O. Fording, for appellant.

Before DALLAS and GRAY, Circuit Judges, and ARCHBALD, District Judge.

DALLAS, Circuit Judge. A suit in admiralty was instituted in the District Court for the Western District of Pennsylvania, which, under section 601 of the Revised Statutes [U. S. Comp. St. 1901, p. 484], was certified into the Circuit Court for the same district. The Limestone Natural Gas Company, a corporation of Pennsylvania, was the only defendant. The Circuit Court, at the instance of the libelant, granted a rule to show cause, as follows:

"And now, January 30, 1904, the above-named libellant having suggested to the court that the corporation of the Limestone Natural Gas Company has been dissolved since service upon it of the monition in the said suit, and that J. H. McCain, R. A. McCullough, R. P. Marshall, H. H. Weylman, Orr Buffington, Thomas McConnell, C. J. Jessop, E. F. McGivern, T. M. Allison, and Boyd S. Henry were members of the said corporation at the time at which the alleged cause of action accrued, and that the same persons were members thereof, at the time of its dissolution; the court, therefore, on motion of the proctor for libellant, grant a rule upon said J. H. McCain, R. A. McCullough, R. P. Marshall, H. H. Weylman, Orr Buffington, Thomas McConnell, C. J. Jessop, E. F. McGivern, T. M. Allison, and Boyd S. Henry to show cause, if any they have, why the said suit should not stand against them and each of them, and why damages in the said suit should not be assessed and recovered against them and each of them instead of the said corporation, returnable on Monday, February 15, 1904."

Upon September 13, 1904, an order discharging this rule was made, and on March 11, 1905, an appeal from that order was allowed. On April 5, 1905, a citation, citing the Limestone Natural Gas Company to appear in this court on the 6th day of May then next, and purporting to be pursuant to said appeal, was issued; but the natural persons named in the rule of January 30, 1904, were not mentioned in the citation, and it was not served, nor has any appearance been entered in this court for any party or person other than the appellant. Moreover, the transcript of the record which, under rule 16, should have been filed with the clerk of this court prior to the commencement of the October term, 1905, was not filed until February, 1906. The case, however, without allowance, and, no doubt, by inadvertence, was placed upon our docket for March term, 1906, and when there reached, we declined to hear argument upon it, for the reason that the persons entitled to be heard in support of the order appealed from had not been cited to appear, and were in fact not before the court. Thereupon, the appellant filed a motion that a citation to those persons, as well as to the Limestone Natural Gas Company, should issue from this court; and subsequently, viz., on April 9, 1906, presented

a petition praying "an order allowing and confirming the filing of his said appeal as of the 6th day of February, 1906, nunc pro tunc."

After careful consideration of the able argument which has been submitted in their support, we find it impossible to sustain this motion and petition. The defects which they seek to remedy are now past cure. Section 11 of the act to establish Circuit Courts of Appeals, approved March 3, 1891, 26 Stat. 829, c. 517 [U. S. Comp. St. 1901, p. 552], requires that an appeal such as this must be taken and sued out within six months after the entry of the order sought to be reviewed; and rule 16 (90 Fed. clix, 31 C. C. A. clix), to which we have referred, but enforces the spirit of this requirement in imposing upon the appellant the duty "to docket the case and file the record thereof with the clerk of this court by or before the return day, whether in vacation or in term time." Yet we are asked to award a citation, which might have been obtained, as of course, about a year ago, to compel the appearance of parties who are not now before this court, at its October term of 1906, in a case which ought to have been ready for hearing at the October term of 1905.

We are clearly of opinion that this ought not to be done, but that, on the other hand, the appeal, in view of the facts that have been mentioned, should be dismissed, and therefore it is so ordered.