JONES et al. v. MISSOURI-EDISON ELECTRIC CO. et al.

(Circuit Court of Appeals, Eighth Circuit. March 3, 1913.)

No. 3,624.

1. CORPORATIONS (§ 584*)—CONSOLIDATION—MINORITY STOCKHOLDERS—BREACH OF TRUST—CHARACTER OF STOCK.

Where, in a suit to rescind a consolidation of certain corporations, the court, on a prior appeal, had held that complainants were entitled to relief, and that they should be decreed either a rescission of the contract of consolidation, or the value of their shares of the property of the corporation on the basis of value immediately after the consolidation as enhanced thereby, it was no objection to a decree, fixing the proportion of the property of the consolidated company, that it should be apportioned to the stock of the merged corporation in which complainants were interested, that the difference in the value of the preferred and common stock of that corporation was not considered; that question being determinable after the share of the value of the consolidated corporation's assets, assignable to the merged company, had been determined.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2343-2347; Dec. Dig. § 584.*]

2. CORPORATIONS (§ 584*)—CONSOLIDATION—RESCISSION—RIGHTS OF STOCKHOLDERS—ATTORNEY'S FEES.

Where, in a suit by minority stockholders of a merged corporation for rescission of the consolidation, it was held that they were entitled either to a rescission of the consolidation contract, or the value of their shares of the property of their corporation immediately after the consolidation as enhanced thereby, and the intrinsic value of the consolidated company's property at that time was not clearly established, the court, over defendant's objection, would not deprive either party of the opportunity to present evidence on the question of value by awarding a decree against

defendant fixing the value of complainant's shares to be taken over at a specified sum and rendering judgment for that sum, together with necessary expenses and fees to complainants' attorney

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2343–2347; Dec. Dig § 584.*]

On rehearing. Denied.

For former opinion, see 117 C. C. A. 442, 199 Fed. 64.

Robert & Robert, of St. Louis, Mo., D. T. Bomar, of Ft. Worth, Tex., Eleneious Smith, of Los Angeles, Cal., and W. B. & Ford W. Thompson, of St Louis, Mo., for appellants.

H. S. Priest, Benjamin Schnurmacher, and Theodore Rassieur, all of St. Louis, Mo., for appellees.

PER CURIAM. This is a suit by a minority stockholder of the Edison Company, on behalf of himself and others similarly situated, to avoid the consolidation of that company with the Union Company No. 1 into Union Company No. 2, and to restore its property to it, or to compel payment to the complainants of the value of their stock, on the ground that the property of the Edison Company has been transferred to the consolidated company by its directors and a majority of its stockholders by fraud and a breach of trust. The bill was sustained in the face of a demurrer in Jones v. Missouri-Edison Electric Co., 144 Fed. 765, 75 C. C. A. 631. A decree for the complainant after a hearing was directed in Jones v. Missouri-Edison Electric Co. (C. C. A.) 199 Fed. 64, 70, to the effect that the complainants were entitled to a rehabilitation of the Edison Company, or to the value of their stock on the basis of the value of their shares of the value of the property of the Edison Company immediately after the consolidation.

A motion for a rehearing of some of the questions has been presented. Counsel for the defendant argue: (1) That the minority stockholders are not entitled to this value of their stock, because this is not a suit for the rescission of the consolidation. But this court decided in 144 Fed. at page 778, 75 C. C. A. at page 644, that it was such a suit, and that the court below had jurisdiction herein to grant to the complainants rescission of the contract of consolidation, or the value of their shares of the property of their corporation. (2) That the complainants are not entitled to the value of their stock on the basis of the value of their shares of the property of their corporation immediately after the consolidation as enhanced by that consolidation. But this court decided that they would be entitled to the value of their stock on that basis in 144 Fed. at page 779, 75 C. C. A. at page 645, because trustees who violate their duty may not profit thereby. Ervin v. Oregon Ry. & Navigation Co. (C. C.) 27 Fed. 625, 633. To these conclusions this court adheres.

From the study of the record the conclusion was reached that in estimating the complainants' share of the value of the property of the Edison Company immediately after the consolidation 43 per cent. of the value of the property of Union Company No. 2 at that time

should be assigned to the Edison Company and 57 per cent. thereof to Union Company No. 1. Counsel for the defendants argue that this gives too large a share to the Edison Company. The ratio found was the result of a study of the record in this case and of careful reflection upon all the considerations it presents, many of which were not recited in the opinion. The opinion does, however, state these reasons for that conclusion: (1) That the master found that the property of Union Company No. 1, aside from the Ashley Street plant, and the property of the Edison Company were about equal in value at the time of the consolidation, and that tends to indicate an assignment of 50 per cent. of the value of the property of the consolidated company to each; (2) that the earnings of the Edison Company for the year ending August 31, 1903, were $794,842.91, the cost of operation $393,394.42, or 49½ per cent. of the gross earnings, leaving net earnings of $401,448.49, while the income of Union Company No. 1 for the same year was $562,265.29 and its operating expenses $278,359, or 49½ per cent. of its gross receipts, leaving net earnings of $283,906.29, net earnings less than those of the Edison Company by $117,542.20, a fact that tends to show that at least 50 per cent. of the value of the property of the consolidated company might justly be assigned to the Edison Company; (3) that at the time of the consolidation the Ashley Street plant was in the early stages of construction, and that its value was practically all prospective, that as a single unit it had no franchise, no good will, no customers, that the Union Company No. 1 was unable to negotiate its bonds, and hence to complete the construction of that plant and make it operative, until it obtained and pledged the property of the Edison Company to secure them, and that a large share of the value of that plant ought to have been assigned to the Edison Company, instead of assigning it all to the Union Company No. 1; and (4) that on January 1, 1904, about four months after the completion of the consolidation, the defendants, in opening their account books, appraised and stated the value of the property of the Edison Company to be tangible assets $2,905,142.97, intangible assets, good will, and franchises $3,005,-168.20, total $5,910,311.17, the value of the property of Union Company No. 1 to be tangible assets, including the Ashley Street plant, $3,436,442.04, intangible assets, franchises, and good will $4,495,-935.02, of which $2,075,000 was credited to the Ashley Street plant, which had neither business nor customers, total $7,932,377.06, and that the bonded indebtedness of the Edison Company and of the Union Company No. 1 was about $4,000,000 each, and that upon this basis 43 per cent. of the value of the property of the consolidated company should be assigned to the Edison Company and 57 per cent. thereof to the Union Company No. 2. Counsel call attention to the facts, which are here conceded, that the figures set forth in this fourth reason do not warrant the conclusion there drawn, because in the computation of the percentages the indebtedness of each of the companies was ignored, and the computation was based upon the gross values, when it should have been founded upon the net values of the properties of the companies. They also contend that in stat-

ing these values the quick assets were omitted, the liabilities were inaccurately stated, and there were such errors and omissions that the true statement of the values and liabilities of the properties of the companies that were consolidated, based upon the statement in the account books of Union Company No. 2 on January 1, 1904, would have shown the value of the property of Union Company No. 1 to have been $5,986,815.57, its liabilities to have been $4,312,890.84, its net worth to have been $1,673,924.43, the value of the property of the Union Company No. 1 to have been $8,623,106.64, its liabilities to have been $4,374,508.77, and its net worth to have been $4,248,597.87, and upon this basis a comparison of the net values of the two companies would show that only 28 per cent. of the property of the consolidated company should be assigned to the Edison Company, and 72 per cent. should be attributed to the Union Company No. 1. Let all this be conceded. The court said, however, in its opinion, and upon a re-examination of the case it is confirmed in that view, that the Ashley Street plant as a single unit had no franchise, good will, or customers, and that a large share of its value was attributable to the property of the Edison Company which was pledged by the consolidated company to secure the bonds issued to aid in its construction. In the $8,623,106.64 just stated as the value of the property of Union Company No. 1, there are $2,420,935.92 for the value of the good will and franchise of the Imperial Company, to which the Union Company No. 1 had succeeded, and $2,075,000 more for the value of the good will and franchise of the Ashley Street plant. Neither the argument of counsel, nor a re-examination of the record, has persuaded that this $2,075,000 was the fair value of the franchises and good will of that plant, or that this appraisal of their value was even nearly proportionate to the appraisal of the franchises and good will of the Edison Company at $3,005,168.20. We are confirmed in this view by the fact that in the year ending August 31, 1903, the Ashley Street plant had produced nothing, while the Edison property had earned $794,394.42 gross and $401,448.49 net. Indeed, upon a re-examination of the case the court is persuaded that the appraisal of the value of the franchises and good will of the Union Company No. 1 was out of all just proportion to the appraisal of the value of the franchises and good will of the Edison Company. If, now, due allowance be made for this unfair appraisal of the franchises and good will, and for the conclusion, which we still think just, that a large share of the value of the Ashley Street plant ought to have been credited to the Edison Company, instead of crediting it all to Union Company No. 1, the assignment of 43 per cent. of the value of the property of the consolidated company to the Edison Company and 57 per cent. of it to the Union Company No. 1 does not appear to be either unjust or unreasonable in the light of the statement of the relative values of these properties in the books of the consolidated company on January 1, 1904.

And when a broad and comprehensive view of the record is taken, when it is perceived, in addition to the considerations just stated, that the master found that the value of the property of the Edison Com-

pany was about equal to that of the Union Company No. 1, and that the gross earnings of the former company for the year ending August 31, 1903, were $232,577.62 more and its net earnings were $117,-542.20 more than those of the latter, and that the cost of its operation was the same percentage of its gross earnings as was the latter's, and when all the phases of the record, which are too numerous to review here, are thoughtfully considered, the conclusion is still forced in upon our minds that 43 per cent. of the value of the property of the consolidated company is not more than a just share to assign to the Edison Company.

[1] In answer to the objection to the decree that the difference in the value of the preferred stock and the common stock of the Edison Company has not been considered, it is sufficient to say that when the value of the property of Union Company No. 2 immediately after the consolidation and the adjudged share of that value assignable to the Edison Company have been determined, there will be time and opportunity to consider the respective shares of the value attributable to the Edison property justly assignable to the preferred stock and the common stock of that company and the relative values thereof. The motion for rehearing is denied.

[2] Counsel for the complainants have presented a motion to modify the opinion so as to direct the rendition of a decree against the defendant for $125 and interest thereon from September 9, 1903, on account of each share of the preferred stock of the Edison Company which the complainants hold. But in the face of objection by the defendants the intrinsic value of the property of the consolidated company immediately after the consolidation is not so clearly established that either party ought to be foreclosed of an opportunity to present evidence upon that subject before that value is adjudicated. Nor is this the time to fix the recovery the original complainant in this suit and his counsel should receive for the necessary expenses and reasonable attorney's fees incurred or paid in securing a favorable decree. They may doubtless eventually have payment of these out of the fund recovered for the complainants in this suit before it is distributed to them, and the complainants may now recover of the defendants the costs of the suit to be taxed. Further action upon these matters, however, must be deferred until the value of the property of the consolidated company immediately after the consolidation is found, and the value of the shares of stock of the complainant is adjudged.

Let the direction for a decree found in the opinion already rendered stand unchanged.