## AMERICAN SEATING CO. v. BULLARD.

(Circuit Court of Appeals, Sixth Circuit. June 29, 1923.)

### No. 3763.

1. **Appeal and error ⊕⇒878(1)—Appellee, who has not appealed, cannot allege error.**

    Errors will not be considered at the instance of an appellee, who has taken no appeal.

2. **Courts ⊕⇒405(14)—Appeal may be taken only within the time and in the manner prescribed by statute.**

    An appeal from the District Court to the Circuit Court of Appeals can be taken only by procuring the entry of an order allowing the same within the six months provided by Act March 3, 1891, § 11 (Comp. St. § 1647), and duly completed by the issue and service of citation.

3. **Corporations ⊕⇒182—Neither directors nor majority stockholders of solvent corporation have power to sell all its property over objection of stockholder.**

    Neither the directors nor a majority of the stockholders of a solvent going corporation have power to sell all its property and assets against the dissent of a single stockholder.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. Corporations ⬤⟹182—On unauthorized transfer of property to reorganized corporation, dissenting stockholders may recover value of their stock from new corporation.

In case of a transfer of all its property during the life of a corporation for the purpose of a reorganization, if the transfer is not made in accordance with law, or is without authority of law, or is to a corporation controlled by the directors or majority stockholders of the old corporation, or if it is made to the new corporation in exchange for its stock, nonconsenting stockholders may, depending on circumstances, enjoin the reorganization or may recover from the new corporation the value of their shares as of the date of the transfer.

5. Corporations ⬤⟹182—New Jersey statute does not authorize corporation to sell all its property for stock of another corporation over objection of dissenting stockholders.

New Jersey Corporation Law, as construed by its courts, does not confer power on a corporation to so amend its charter as to authorize it by a vote of two-thirds of its stockholders to sell all of its property and accept payment in stock of another corporation, over objection of dissenting stockholders.

6. Corporations ⬤⟹182—Right of dissenting stockholders to recover value of their stock from reorganized corporation held not barred by laches.

Delay by dissenting stockholders for three years after unauthorized transfer of the property of the corporation to a new company in exchange for its stock before bringing suit *held* not laches which barred their right to recover the value of their stock from the new corporation.

7. Courts ⬤⟹269—Court in district where property of foreign corporation is situated has jurisdiction of suit by stockholders to establish lien.

Dissenting stockholders may maintain a suit to recover the value of their stock from a new corporation to which the property of the old corporation has been wrongfully transferred, in any state or district where property so transferred, and on which they seek to establish a lien, is situated.

8. Corporations ⬤⟹182—Elements determining value of stock at time of transfer of its property stated.

In determining the value of the stock of a corporation at the time it transferred all its property to another corporation, the fair market value of its property is to be taken in its then condition as an established and going business.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Suit in equity by Mary A. Bullard, executrix of George A. Bullard, deceased, and others, against the American Seating Company. Decree for complainants, and defendant appeals. Affirmed.

Edgar H. Johnson, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for appellant.

Eugene Carpenter, of Grand Rapids, Mich., for appellees.

Before DONAHUE, Circuit Judge, and SATER and WESTENHAVER, District Judges.

WESTENHAVER, District Judge. The meritorious questions involved on this appeal pertain to the rights of nonconsenting minority stockholders of a corporation upon a transfer of all the corporate assets by authority of its directors and majority stockholders to another corporation in exchange for stock in the latter corporation. Such facts

---

only will be stated as are required to show the questions of law to be determined.

The American School Furniture Company was incorporated under the laws of New Jersey in the year 1899. On April 23, 1906, it had outstanding mortgage bonds of $1,160,000, and was indebted in the sum of $725,000, and was in grave financial difficulty. It had outstanding preferred stock of the par value of $4,046,300 and common stock of the par value of $4,883,800. In order to deal with its financial difficulties and obtain credit, a plan of reorganization and refinancing was agreed upon by its board of directors and a committee representing the holders of its outstanding bonds. By the terms thereof the bondholders were to accept preferred stock in a new corporation formed to take over the assets of the old, in exchange for their bonds; the preferred stockholders were to get 25 per cent. of the par value of their stock, and the common stockholders 5 per cent. of the par value of their stock, in the common stock of the new corporation. This plan was to be effectuated by procuring an amendment to its charter authorizing its board of directors, with the consent by vote or in writing of two-thirds of each class of its stock, to sell, assign, and transfer all of its property and assets and to accept in whole or in part payment therefor capital stock of such corporation as might purchase its property. This amendment was regularly made pursuant to section 27, General Corporation Law of New Jersey, then in force (Laws 1896, p. 285), except as it may be asserted that the power thus obtained was unauthorized. The American Seating Company was chartered and organized under the corporation laws of New Jersey, for the purpose of receiving and accepting such transfer and continuing the business of the old corporation.

After such amendment, on April 23, 1906, at a meeting of the stockholders of the American School Furniture Company, held upon due notice in writing, more than two-thirds of each class of its capital stock consented by vote to the sale and transfer upon the terms above stated, and the sale and transfer was duly made. Preferred stock was issued to and accepted by the bondholders, and common stock, to the preferred and common stockholders, in the agreed proportions, except a small minority, of whom the appellees are a part, who were unwilling to receive or accept it. The new corporation also assumed the floating debt and thereafter continued the business. The appellees did not assent to the amendment to the charter of the American School Furniture Company, nor to the sale and transfer of its assets to the American Seating Company; nor did they in writing or otherwise make any protest until this action was brought.

In July, 1909, some of the appellees filed this bill in equity, and other appellees have since intervened. It was filed in the state court in Michigan, where one of the manufacturing plants thus transferred was situated, and was later removed to the United States District Court for the Western District of Michigan. The original bill, as well as the last amended bill on which the case was tried, contained a variety of allegations and sought various kinds of relief. The pleader seems to have adopted as a model Jones v. Missouri-Edison Electric Co., 144 Fed. 765, 75 C. C. A. 631. It is unnecessary to state the proceedings

prior to the entry, February 24, 1915, of an interlocutory decree, since the relief granted by that decree presents the only questions now to be considered. This decree finds that the charges of fraudulent mismanagement and misappropriation made against the individual defendants were not sustained, but that the sale and transfer were beyond the power and authority of the American School Furniture Company under its charter and the corporation law of New Jersey; that the appellees had not voted in favor of the amendment to its charter, nor in favor of the transfer to the appellant; and that the appellees whose stock was not so voted were entitled to recover from the appellant, the American Seating Company, the value of said stock as of the date of such transfer, with interest thereon at 5 per cent., but denied appellees a lien on the assets within the jurisdiction of the court because of their laches. The cause was referred to a master to ascertain the value of such stock and the amount due to each of the respective appellees. On December 19, 1921, a final decree was entered, overruling all exceptions to the master's report, and rendering judgment in favor of appellees. An appeal has been taken only by the American Seating Company. None of the nonconsenting stockholders have appealed.

[1, 2] The appellees, however, complain of many alleged errors in the final and in the interlocutory decrees and in other prior proceedings. They suggest a diminution of the record, and ask an order to bring up additional parts of the record to show the errors thus complained of. This request is denied. No errors to the alleged prejudice of the appellees can or will be considered, because no appeal has been taken by any of them, and it is now too late so to do. An appeal from the District Court to the Circuit Court of Appeals must be taken within six months. Section 11, Act March 3, 1891; section 1647, U. S. Comp. St. An appeal can be taken only by procuring the entry of an order allowing an appeal and the issue and service of a citation. Old Nick Williams Co. v. United States, 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318; City of Waxahachie v. Coler (5 C. C. A.) 92 Fed. 284, 34 C. C. A. 349; Hudson v. Limestone Natural Gas Co. (3 C. C. A.) 144 Fed. 952, 75 C. C. A. 678.

The error chiefly complained of by appellant is the holding that the sale and transfer of assets, under the circumstances stated, was in excess of the power conferred by charter and the corporation law of New Jersey, and that the nonconsenting appellees had, in consequence, a right to recover the value of their stock. It is said that the amendment, as well as the sale, and transfer, were within the charter power and in conformity to the corporation law of New Jersey, and that in any event the laches and acquiescence of the appellees bar them from the relief given and oblige them to accept their proportionate share of the stock in the new corporation. The argument upon the law has been directed mainly to these contentions.

[3] The law is settled without apparent conflict that neither the directors nor a majority of the stockholders of a solvent going corporation have power to sell all its property and assets, thereby disabling itself from achieving the objects of its creation, against the dissent of a single stockholder. 14 Cor. Jur. § 1323; 2 Cook on Corporations (6th

Ed.) § 670. It was so held in New Jersey in Kean v. Johnson, 9 N. J. Eq. 401, and in Michigan in Smith v. Smith, Sturgeon & Co., 125 Mich. 234, 84 N. W. 144, and such is also the purport of Mason v. Pewabic Mining Co., 133 U. S. 50, 10 Sup. Ct. 224, 33 L. Ed. 524. When insolvency has intervened a corporation is thereby disabled from achieving its corporate purposes and its assets become a trust fund for creditors, and a different situation is presented. Cases, therefore, relating to transfers in good faith to pay debts of an insolvent corporation are an exception to the general rule and need not now be considered. For an example see Sewell v. East Cape May Beach Co., 50 N. J. Eq. 717, 25 Atl. 929.

[4] The present case upon the facts is controlled by that group of cases pertaining to the sale and transfer of corporate assets at the expiration or dissolution of a charter otherwise than in the manner provided by law, or transfers made during the life of the corporation for purposes of a merger, consolidation, or reorganization. In these cases it is held that if a sale is not made in the manner provided by law or without authority of law, or if the transfer is made to a corporation controlled by the directors or majority stockholders of the old corporation, or if it is to be made to such a new corporation in exchange for stock, the nonconsenting minority stockholders may, depending on the circumstances, enjoin the sale, merger, consolidation, or reorganization, or may recover from the new corporation the value of their shares in the old as of the date of the wrongful transfer. In many cases of corporations involved in financial difficulties, transfers made for the purpose of refinancing or reorganization were either enjoined or the nonconsenting stockholders were permitted to recover the value of their stock from the new corporation. In no case so far as we can find, have the nonconsenting minority been compelled to accept stock in the new corporation, in the absence of some statute in force when they became stockholders, expressly conferring that authority. So in the present case, unless express authority is conferred by the New Jersey corporation law, the appellees were entitled to the relief given below. This is particularly true because the sale and transfer were not made merely to pay debts of an insolvent corporation, and were not made for money, but in exchange for stock and to a corporation organized and owned by the directors and majority stockholders of the selling corporation. It will be sufficient to support this conclusion by citation of pertinent authority without reviewing the same. 2 Cook on Corporations (6th Ed.) § 671; 14a Cor. Jur. §§ 3642–3644; Mason v. Pewabic Mining Co., 133 U. S. 50, 10 Sup. Ct. 224, 33 L. Ed. 524; Jones v. Missouri-Edison Elec. Co. (8 C. C. A.) 144 Fed. 765, 75 C. C. A. 631; Id., 199 Fed. 64, 117 C. C. A. 442; Id., 203 Fed. 945, 122 C. C. A. 247; Smith v. Smith, Sturgeon & Co., 125 Mich. 234, 84 N. W. 144; Beling v. Amer. Tobacco Co., 72 N. J. Eq. 32, 49, 65 Atl. 725; Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, 72 Am. Dec. 685; Barnett v. Phila. Market Co., 218 Pa. 649, 67 Atl. 912.

[5] Appellant contends that section 27 and other provisions of the New Jersey Corporation Law in force when the American School Furniture Company was organized and when the transfer was made, confer expressly the asserted power to amend the charter, so as to author-

ize a sale and transfer by a two-thirds majority and to accept and receive payment in capital stock of the purchasing corporation. This contention cannot be sustained. It is unnecessary to quote or review these statutory provisions, because they have been frequently considered by the New Jersey courts and have been universally held not to confer the asserted power. On the contrary, many attempted transfers and mergers in exchange for stock have been enjoined, and the right fully recognized to recover the value of the stock when, for special reasons, the transfer was not enjoined or was not set aside. See Coler v. Tacoma Ry. & Power Co., 65 N. J. Eq. 347, 54 Atl. 413, 103 Am. St. Rep. 786; Colgate v. United States Leather Co., 75 N. J. Eq. 229, 72 Atl. 126, 19 Ann. Cas. 1262; Mitchell v. United Box Board & Paper Co., 72 N. J. Eq. 580, 66 Atl. 938; Beling v. Amer. Tobacco Co., 72 N. J. Eq. 32, 42, 49, 65 Atl. 725.

[6] Nor in our opinion are the appellees barred by laches or acquiescence from recovering the value of their stock. This might deprive them of the right to set aside the transfer or compel the old corporation to assume control and perform its contract with and its duty to its stockholders. This relief is equitable in its nature and is granted in accordance with equitable principles. It was for this reason that the court below refused to establish an equitable lien on the transferred property within the jurisdiction of the court. But appellees' right to recover the value of their stock in the assets wrongfully transferred and in appellant's possession is a legal right and is not lost by mere laches or delay; indeed, if appellees had sued merely to recover the value of their stock without asking any relief equitable in its nature, they might have been obliged to sue at law. See Jones v. Missouri-Edison Elec. Co. (8 C. C. A.) 144 Fed. 765, 777, 75 C. C. A. 631. This right of action is not barred, except by the ordinary statute of limitations.

[7] Appellant's contention that the court below was without jurisdiction, because the controversy involved merely the internal affairs of a New Jersey corporation, of which the courts of that state alone have jurisdiction, is not sustainable. The action was to recover the value of appellees' interest in property wrongfully transferred and to establish an equitable lien therefor on assets within the jurisdiction of the court. The cases cited have no application to this situation. For authority supporting the jurisdiction of the court below, see 3 Cook on Corporations (6th Ed.) § 734, p. 2421; Guilford v. Western Union Telegraph Co., 59 Minn. 332, 61 N. W. 324, 50 Am. St. Rep. 407; Harding v. American Glucose Co., 182 Ill. 551, 55 N. E. 577, 64 L. R. A. 738, 74 Am. St. Rep. 189; Babcock v. Farwell, 245 Ill. 14, 91 N. E. 683, 137 Am. St. Rep. 284, 19 Ann. Cas. 74; Chicago Title & Trust Co. v. Newman (7 C. C. A.) 187 Fed. 573, 109 C. C. A. 263.

[8] Appellant's remaining contention is that the master's finding as to the stock value at the time of transfer is without evidence to support it and that the evidence conclusively shows the stock was then worth nothing. It is urged that his report so discloses and that he erroneously based his finding of value upon an admission of value made in appellant's answer. We do not so understand the master's report. This

admission in the answer was evidence, and is entitled to great weight, because appellant's answer was framed with a view to showing that the stockholders' equity was slight and that the transfer of the assets was made necessary by financial difficulties. In addition thereto are contemporaneous appraisals and reports of value under oath supporting the master's finding. This documentary evidence containing contemporaneous opinions as to value is, in our opinion, of greater weight than opinion evidence given at a later date before the master. In determining this value, the fact that the property, if the mortgages had been foreclosed, would have left nothing for stockholders, is not the true test, much less is it controlling; but it is the fair market value of the property, in its then condition as an established and going business, which is the test. See Jones v. Missouri-Edison Elec. Co. (8 C. C. A.) 144 Fed. 765, 779, 75 C. C. A. 631; Id., 203 Fed. 946, 122 C. C. A. 247; Sparrow v. Bement & Sons, 142 Mich. 441, 458, 105 N. W. 881, 10 L. R. A. (N. S.) 725.

No error prejudicial to appellant being perceived, the decrees of the court below are affirmed.