## Malamut v. Wilson Building and Loan Association.

*A. Walling Levin*, for plaintiff; *Lieberman & Friedman*, for defendant.

STERN, P. J., January 21, 1932.—This is a bill in equity to obtain payment of the actual value of the plaintiff's shares in a building and loan association which has entered into a merger with another association, and to restrain the transfer or encumbrancing of assets until such payment shall have been made to the plaintiff. On bill, answer and proofs, the court makes the following

### Findings of fact.

1. The plaintiff is the owner of ten shares of stock of the Wilson Building and Loan Association, a Pennsylvania corporation, on which he has paid in the sum of $1200.

2. At a special meeting of the stockholders of said association, held on August 26, 1930, it was resolved to impair the capital stock of the association by fixing the value thereof at eighty per cent. of the amount paid in by each stockholder as of said date. Subsequently, however, the Department of Banking, while approving in substance of such action of the stockholders, suggested that the same purpose should preferably be accomplished by a merger of the association with a new nominal association to be formed for such purpose.

3. Accordingly, such new association was thereupon created, consisting of five stockholders of the Wilson Building and Loan Association, and on Decem-

ber 23, 1930, the Wilson Building and Loan Association, through its officers and directors, entered into an agreement in writing for its merger with the new association, whereby all the property and franchises of the said associations should be vested in a new corporation, which was to be known as the Wilson Building and Loan Association.

4. Pursuant to a resolution of the board of directors of the old association, a special meeting of the stockholders of said association was held on January 27, 1931, to take action on the approval or disapproval of said merger, and at said special meeting a majority of the stockholders of the association voted in favor of the approval of said merger.

5. Due notice of the said special meeting of stockholders was given to all the stockholders of the old association, including the plaintiff. The notice to the plaintiff was properly sent to him through the mail by letter posted on January 16, 1931, and addressed to his residence at the Biltmore Hotel, Atlantic City, New Jersey. Said letter was received at the place to which it was addressed, which was the place to which the plaintiff had directed and authorized his mail to be sent and the place which he had stated to the association was his residence.

6. The plaintiff did not attend said special meeting of the stockholders, and, therefore, did not vote on the question of the approval or disapproval of said merger.

7. Pursuant to the actions of the directors and stockholders as aforesaid, the merger of the said associations was consummated on or about the said twenty-seventh day of January, 1931, and all the property and franchises of said associations were thereby vested in a new corporation, called the Wilson Building and Loan Association.

8. The nominal association hereinbefore referred to had no assets other than $25 paid in by the incorporating stockholders; neither did it have any liabilities. The purpose of the merger was in order to limit the rights of the stockholders of the old association to withdraw their shares, to impair the capital stock of the old association, to set up reserves, and to mark down the losses which the old association had sustained.

9. The plaintiff had given notice of withdrawal of his stock in the old association in June, 1930, but he was not paid the withdrawal value of his stock or any part thereof.

10. The by-laws of the new corporation contained provisions greatly restricting the right of withdrawal, both in the case of future notices and of notices previously given by stockholders. The said provisions are contained in article II, section eight, of the by-laws of the new corporation, which, together with the merger agreement therein referred to and also mentioned in finding No. 3 hereof, are herein incorporated by reference.

11. At the time of the merger aforesaid, the ten shares of stock of the plaintiff in the old association were actually worth $960.

12. On or about May 9, 1931, the plaintiff, having learned of the merger, gave notice of his dissent therefrom, and demanded the payment to him of the actual value of his shares of stock in the old association, and on June 24, 1931, he filed the present bill in equity.

13. The plaintiff was not guilty of laches in demanding the payment to him of the actual value of his stock or in filing the present bill in equity for that purpose.

### Discussion.

The only question of fact in controversy in the present proceeding was in regard to the sending to the plaintiff of notice of the special meeting of stock-

holders held on January 27, 1931, to take action on the approval or disapproval of the merger. On this point, the chancellor has found that due notice was given to the plaintiff of said meeting, and that, even though he personally may not have received and read it, it was delivered to the place where he resided and where he had authorized and directed his mail to be sent to him.

However, the real questions in the case are those of law. The defendant claims that the plaintiff has been guilty of laches. Of course, as to any relief sought by him by way of preventing the merger, or having security set aside for the payment of the actual value of his stock, he is too late, because the merger was effected several months before he filed the present bill in equity. In the opinion of the chancellor, however, he is not guilty of laches that will prevent him from obtaining the payment of the actual value of his stock at the time of the merger. Under the doctrine laid down in Lauman v. The Lebanon Valley R. R. Co., 30 Pa. 42, and Barnett v. Philadelphia Market Co., 218 Pa. 649, it is not necessary, even if the plaintiff had notice of the meeting of stockholders, that he should have attended it and voted against the proposed merger. The association was not in any way misled or injured by the plaintiff's delay in expressing his dissent and in demanding the value of his stock. It has been uniformly held that while the failure to act promptly will forfeit the right to injunctive relief in equity, it will not prevent a dissenting stockholder from suing for the value of his stock in an action of law, and the only lapse of time which will defeat his right in such action is that of the statute of limitations: American Seating Co. v. Bullard, 290 Fed. 896; 14 C. J. 1077, § 3663, and cases there cited.

While the recovery of the value of the plaintiff's stock might perhaps have been accomplished by a suit at law, the defendant cannot now press such an objection, in view of the fact that it did not obtain the determination of that question in limine in accordance with the provisions of the Act of June 7, 1907, P. L. 440: Wright v. Barber, 270 Pa. 186; Fidelity-Phila. Trust Co. v. Simpson, 293 Pa. 577; Magen v. Neiman, 301 Pa. 164.

Under these and other authorities, the case is now as if it had been brought on the law side of the court and were being tried by a judge without a jury under agreement of counsel.

The defendant contends that the doctrine of Lauman v. The Lebanon Valley R. R. Co., and Barnett v. Philadelphia Market Co., supra, should not be held applicable to the present case, because the merger, it is argued, was only a "nominal" one, there being no change in assets and liabilities effected by the merger, and the plaintiff not being harmed thereby. The principle which governs the rights of a dissenting stockholder in merger cases, however, is that he cannot be forced to enter involuntarily into another corporation, as otherwise the contract between himself and his fellow stockholders would be impaired. He is allowed to reply to any attempt to make him become a stockholder in the new corporation: "In haec foedera non veni." The question is not as to whether he is benefited or harmed by the merger. His rights are absolute, and are not lost merely because the court may think that his interests would be better served by his assenting to the merger or at least that they are not impaired thereby. Therefore, in the present case, while the merger may have been, as the defendant contends, a "nominal" one, it nevertheless violates the plaintiff's rights in compelling him to cease to be a stockholder in the corporation into which he had originally entered and to become a stockholder, against his will, in a new corporate entity.

Nor is it true, under the facts of the present case, that the plaintiff was in no wise harmed by the merger. On the contrary, he lost his most vital right. He had given notice of withdrawal in the old association and would have been

entitled to receive payment for his stock whenever sufficient funds would come into the treasury and he be reached in the order of priority according to the time when the notices of withdrawal were given by the stockholders respectively. Under the agreement of merger which was written into the by-laws, however, various restrictions were placed upon the right of withdrawal, the most drastic one being that no stockholder would be permitted to withdraw, nor payment be made for any stock previously ordered to be withdrawn, for a period of three years from the date of the final completion of the merger. Indeed, one of the very objects of the merger was admitted to be the procuring of such a by-law, so as to bind the stockholders in the new association thereunder instead of resting upon the original provisions covering that subject in the by-laws of the old association.

The chancellor is, therefore, of opinion that neither the fact that the merger was with a so-called "nominal" association, nor that the recovery asked for could or should have been sought in an action at law, nor that the plaintiff did not dissent until about three months after the meeting of the stockholders, constitutes a good defense in the present proceeding.

### Conclusions of law.

1. Even though the plaintiff did not attend the meeting of stockholders nor vote thereat on the question of the approval or disapproval of the merger, he had the right subsequently to give notice of his dissent and to demand the payment to him of the actual value of his stock at the time of the merger.

2. The plaintiff was not guilty of laches which would prevent him from recovering in this proceeding the actual value of his stock at the time of the merger.

3. The defendant not having procured *in limine* the determination of the question arising as to the jurisdiction of equity by reason of the plaintiff having an adequate remedy at law, that question is out of the case and the plaintiff is entitled to recover in the present proceeding in equity.

4. The fact that the association with which the old Wilson Building and Loan Association merged was merely a nominal one, without substantial assets and with no liabilities, does not take away the right of the plaintiff to demand the payment to him of the actual value of his stock at the time of the merger, especially in view of the fact that the new corporation adopted a by-law in pursuance of the preliminary merger agreement whereby the plaintiff's right of withdrawal was greatly restricted.

5. The plaintiff is entitled to a decree herein for the payment to him of the actual value of his stock at the time of the merger.

The court, therefore, enters the following

### Decree.

And now, to wit, January 21, 1932, this cause having come on to be heard upon bill, answer and proofs, upon consideration thereof, it is ordered, adjudged and decreed:

1. That the defendant pay to the plaintiff the sum of $960, being the actual value of the shares of stock owned by him in the original Wilson Building and Loan Association at the time of the merger on January 27, 1931.

2. That the defendant pay the costs of this proceeding.

The prothonotary will enter this decree *nisi* and give notice of the same to the parties or their counsel, and if no exceptions are filed within ten days thereafter, either party may present to the court a form of final decree then to be entered.