### KELLEY v. AMERICAN SUGAR REFINING CO.

No. C-3855.

District Court, D. New Jersey.

Dec. 8, 1944.

Lindabury, Depue & Faulks, by Josiah Stryker, all of Newark, N. J., for defendant, for the motion.

Wurts & Plympton, by William H. Wurts, all of Hackensack, N. J., for plaintiff, opposed.

FORMAN, District Judge.

Plaintiff filed a complaint in which he alleges that the defendant was organized under the New Jersey Corporation Law approved April 7, 1875 (Revision of New Jersey, 1709–1877, pp. 174–180), with authorized capital stock of $90,000,000, issued and outstanding, represented by 450,000 shares of preferred stock and 450,000 shares of common stock, each class having a par value of $100 per share.

He alleges that the New Jersey law of 1875, under which the defendant was incorporated, limited the existence of corporations organized under it to 50 years. Defendant's certificate of incorporation provided that it was to commence business on January 10, 1891, and its existence was to terminate in 50 years. It was also provided therein, among other things, that the holders of preferred stock should be entitled to a fixed annual dividend of 7% before any dividend should be set aside or paid on the common stock and that "the holders of the preferred stock shall be entitled to no dividend beyond the seven per centum aforesaid."

Plaintiff alleges that he acquired 200 shares of the common stock of the corporation in June 1930 and at other times thereafter; that he was notified in October 1940 by defendant of a meeting of stockholders, which was to be held on November 20, 1940, for the purpose of amending the certificate of incorporation of the defendant to extend its existence by substituting the date "January 10, 1991," in place of the date "January 10, 1941"; that he attended the meeting and voted his 200 shares against the adoption of the proposed amendment. However, it was adopted by a vote of two-thirds in interest of each class of stock. Plaintiff claims that he immediately notified defendant that the period for which he invested his capital would expire on January 10, 1941, and that defendant was required to pay him the full value of his shares as of that date, but that defendant refused to make such a payment and has used plaintiff's capital without his consent since January 10, 1941.

Another ground for his complaint is that the provision to pay annual dividends of 7% on the preferred stock, as contained in the certificate of incorporation, was fully satisfied on January 10, 1941, since preferred stockholders were not entitled to dividends beyond that date, and that the common stockholders had a right to all the surplus on January 10, 1941, particularly those common stockholders who did not assent to the extension of the existence of the defendant.

He alleges that no provision was made in the amendment extending its corporate existence whereby his right as a non-assenting common stockholder to his proportionate share in the surplus was protected. He contends, therefore, that the terms of his contract were altered because of the extension and that dividends were paid to the holders of preferred stock after January 10, 1941, in violation of his contractual rights.

Judgment was demanded by him on both counts in the sum of $32,000 which he computed in the following manner:

He refers to the original investment in the 200 shares of stock and alleges that those shares had a value of $100 each or a total of ........................ $20,000

His proportionate share by virtue of his holding of 200 shares of common stock in an item designated "Earned Surplus, $10,142,-226.25" in "Consolidated Balance Sheet December 31, 1940," of the defendant amounted to the sum of $22.50 per share, or ........ 4,500

He further alleges that from 1930 to 1940, inclusive, the defendant transferred to its account known as "Reserve for Depreciation and Amortization: $45,205,036.27", as identified in its "Consolidated Balance Sheet December 31, 1940", the sum of $16,-123,874.14. He alleges that by reason of his holdings of 200 shares of common stock, his pro rata share of the last mentioned sum was $37.50 per share, or an aggregate sum of ........... 7,500

$32,000

Defendant moved to dismiss the action because the complaint fails to state a claim upon which relief can be granted.

A year after the passage of the act under which defendant was originally incorporated the New Jersey Legislature enacted the following statute:

"A further supplement to an act entitled 'An act concerning corporations,' (revision), approved April seventh, 1875, authorizing extension of corporate existence.

"1. Be it enacted by the Senate and General Assembly of the State of New Jersey, That it shall be lawful for any corporation heretofore or hereafter created under or by virtue of any law of this state at any time before the expiration of its charter, or of the period named in its certificate of organization, to file in the office of the secretary of state a certificate under its common seal, attested by the signature of its presiding officer, declaring its desire that the period of its existence as such corporation shall be extended for any time therein mentioned, not exceeding fifty years.

"2. That upon making and filing such certificate, the period of the existence of such corporation shall be extended as declared in such certificate as fully as if the said period had been named in the original charter or certificate of organization of such corporation.

"3. That nothing herein contained shall be construed to interfere with the right of the state of New Jersey reserved by any law now or hereafter existing to acquire the property and franchises of any such corporation, or at any time to abolish or repeal, alter or amend the charter of the same, nor shall this act be construed to continue any irrepealable or other contract with the state contained in any charter beyond the time originally fixed for its expiration.

"4. This act shall take effect immediately." Approved April 21, 1876, P.L.1876, c. 143, pp. 235, 236.

In 1896 the Corporation Law of New Jersey was revised and power to extend their existence was given to corporations organized under the following section of that act:

"27. Every corporation organized under this act may change the nature of its business, change its name, increase its capital stock, decrease its capital stock, change the par value of the shares of its capital stock, change the location of its principal office in this state, extend its corporate existence, create one or more classes of preferred stock, and make such other amendment, change or alteration as may be desired, in manner following: the board of directors shall pass a resolution declaring that such change or alteration is advisable and calling a meeting of the stockholders to take action thereon; the meeting shall be held upon such notice as the by-laws provide, and in the absence of such provision, upon ten days' notice, given personally or by mail; if two-thirds in interest of each class of the stockholders having voting powers shall vote in favor of such amendment, change or alteration, a certificate thereof shall be signed by the president and secretary under the corporate seal, acknowledged or proved as in the case of deeds of real estate, and such certificate, together with the written assent, in person or by proxy, of two-thirds in interest of each class of such stockholders, shall be filed in the office of the secretary of state, and upon the filing of the same, the certificate of incorporation shall be deemed to be amended accordingly; provided, that such certificate of amendment, change or alteration shall contain only such provision as it would be lawful and proper to insert in the original certificate of incorporation made at the time of making such amendment, and the cer-

tificate of the secretary of state that such certificate and assent have been filed in his office shall be taken and accepted as evidence of such change or alteration in all courts and places." Approved April 21, 1896. P.L.1896, c. 185, sec. 27, pp. 277, 285, N.J.S.A. 14:11–1 to 3.

The following year (1897) the Legislature enacted an additional provision in this regard as follows:

"An Act to amend 'An act concerning corporations' (Revision of 1896), approved April twenty-first, one thousand eight hundred and ninety-six.

"Be it enacted by the Senate and General Assembly of the State of New Jersey:

"1. That there shall be added to the act to which this is amendatory a new section to be known as section one hundred and nineteen, as follows:

"119. Any corporation, created by special charter, or under a general law, for any objects which are allowed by this act, may extend its corporate existence in the manner prescribed in the twenty seventh section of this act; provided, that if such corporation possesses franchises, powers, privileges, immunities or advantages which could not be obtained under this act, such extension shall not continue, renew or extend such franchises, powers, privileges, immunities or advantages, but the filing of the certificate of extension shall operate as a waiver and abandonment of such franchises, powers, privileges and advantages.

"2. This act shall take effect immediately." Approved February 2, 1897. P.L. 1897, c. 1, p. 11, N.J.S.A. 14:11–6.

No substantial change has been made in these enactments by the New Jersey Legislature since that time.

Plaintiff contends that the contract he entered into with the corporation and the other stockholders limited the period of his investment to January 10, 1941. At its expiration, he asserts, the assets of the corporation belonged to the common stockholders after all the debts were paid and should have been distributed to them, or, particularly, to a common stockholder in proportion to his holdings, who had, like the plaintiff, refused to assent to the extension of the defendant's corporate existence.

He has cited a number of New Jersey cases in which the courts have held that the law existing at the time of the organization of the corporation, together with the certificate of incorporation, constitute the contract between the corporation and its stockholders. Plaintiff contends that his contractual rights with the defendant corporation are limited, since the defendant was organized in 1891, to the Act of 1875 and that in so far as he is concerned the defendant corporation never achieved any legal right from the State of New Jersey to extend its existence longer than the period of 50 years as contemplated in the 1875 statute. However, the cases cited by the plaintiff have to do with instances wherein the corporation attempted to completely change its character, as, for example, to lease its entire property to another corporation, (Allen v. Francisco Sugar Co., 92 N.J.Eq. 431, 112 A. 887, and American Seating Co. v. Bullard, 6 Cir., 290 F. 896).

■ Such cases do not govern the situation where the corporation seeks to extend its existence. We think the extension of the life of a corporation organized under the Act of 1875, supra (the same act under which this defendant was chartered) was approved in the case of Smith v. Eastwood Wire Manuf. Co., 58 N.J.Eq. 331, 43 A. 567, wherein the Court of Chancery of New Jersey held:

"The period of corporate existence is a matter which prima facie concerns the state only, and the limitation to a definite period is an exercise of control in the interest of the public. Stockholders may, perhaps, under the laws which authorize special restrictions in charters, exclude the power of continuing corporate existence beyond a fixed period; but, unless this power is excluded, the corporation may, as between itself and the stockholders, extend its corporate existence under the laws for that purpose which existed at the time of the incorporation, provided these laws still remain in force at the time of the proceedings for continuance, or under subsequent laws, by which the state, as it has a right to do, in its control over corporations, restricts rather than enlarges the power of continuing the existence. Under the law of 1876, the corporation could have acted by a majority of its stockholders. Under the act of 1896, which repeals the act of 1876, a two-thirds vote is required. The change under the latter act is therefore lawful, and an injunction restraining the

filing of the certificate will be refused." 58 N.J.Eq. 331, at pages 333, 334, 43 A. 567, at page 568.

While the decision in the above case is not by a court of last resort in New Jersey, as far as we can find it has never been challenged.

The defendant corporation took the steps to extend its existence which was approved by two-thirds in amount of each of the classes of its stockholders. This we hold was an effectual extension of its existence, notwithstanding the failure of plaintiff to assent thereto.

When plaintiff is deprived of his alleged ground of considering that the corporate existence of the defendant terminated in 1941, he has lost the premise for the proposition he makes as the second ground of action in his complaint. The creation and maintenance by the corporation of a surplus account and a reserve account for depreciation and amortization in violation of plaintiff's disposition toward such action, gives rise to no complaint by way of breach of contract for which he can recover judgment.

Plaintiff's complaint is very lengthy and considered with his written briefs raise numerous questions not specifically decided herein and we have investigated all of them. We feel that the only substantial issues raised have been discussed herein and we find them without merit.

The motion of the defendant to dismiss the complaint will be granted and an order should be submitted.