## AINSWORTH v. SOUTHWESTERN DRUG CORPORATION.*

### No. 8389.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1938.

M. W. McKenzie and J. H. Everest, both of Oklahoma City, Okl., and T. T. Lewis, of Dallas, Tex., for appellant.

Homer L. Bruce, of Houston, Tex., for appellee.

Before FOSTER and HOLMES, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

This is an appeal from a judgment sustaining a motion to dismiss a bill in equity. From the verified bill and annexed exhibits the following facts appear:

Southwestern Drug Corporation was organized under the laws of Texas, July 25, 1929, to effect a consolidation of six concerns dealing in drugs and druggists' sundries, with headquarters in Dallas and branches in other Texas cities. The charter provided for an authorized capital stock of 250,000 shares of no par value, divided into 50,000 shares of preferred stock entitled to an annual cumulative dividend of $7 per share with preference in any distribution of assets over the common stock, and 200,000 shares of common stock. In payment for stock issued the incorporators transferred property to the corporation valued at about $3,500,000. Dividends on the preferred stock were paid for a few years, but after that the company, while not operating at a loss, did not earn sufficient to pay the full preferred stock dividends. No dividends were paid on the common stock.

The charter provided that upon a vote of two-thirds in number of the outstanding shares of common stock, the preferred and common stock or either of them might be

*Rehearing denied April 7, 1938.

increased or a new class of preferred or common stock or of other kinds of stock be created, with such preference and limitations as might be determined by such vote, provided, however, that without the consent of at least a majority of the preferred stock outstanding the preferences given to the preferred stock should not be changed.

After preliminary statements to the stockholders by the president and directors, outlining the condition of the company and suggesting changes, a meeting of stockholders was called and held on March 26, 1935, for the purpose of amending the charter. There was then outstanding 113,945 shares of common stock and 26,826 shares of preferred stock. 106,667 shares of common stock and 24,021 shares of preferred stock, more than two-thirds of the common stock and more than one-half of the preferred stock, voted to amend the charter as follows:

The total authorized stock was reduced to 40,000 shares of new preferred stock, designated as first preferred stock, entitled to annual dividends of $5 per share and preference over the original stock in payment of dividends and distribution of assets, with the right given to holders of the original preferred stock to exchange it for the new, share for share; 10,323 shares of the original preferred stock, the amount which its holders had not then agreed to exchange; and 150,000 shares of common stock, all without par value. There was a further provision that those stockholders exchanging their preferred stock would be given an income dividend note, bearing 3 per cent. annual interest, for the unpaid accrued dividends on the original preferred stock.

The holders of 16,503 shares of the old preferred stock immediately exchanged them for shares of the new preferred stock. By June 6, 1935, over 26,000 shares of old preferred stock were exchanged for the new, leaving only 797 shares of the old preferred stock then outstanding, less than 3 per cent. of the amount outstanding when the stockholders voted to amend the charter.

Appellant was one of the organizers of the Southwestern Drug Corporation and a director when the meeting of stockholders to amend the charter was held. He held 302 shares of the original preferred stock. He voted against amending the charter but after that was carried he joined with the other directors in signing a certificate to the Secretary of State of Texas, which was necessary to make the change in the charter effective. He did not exchange his stock and filed this suit in March, 1936, amending his bill on December 16, 1936. Appellant alleged illegality of the amendment of the charter on various grounds and prayed for the recovery of $10,474.40, dividends accrued and unpaid and for an injunction to prevent the payment of any dividends on the new first preferred stock in preference to the dividends on the old preferred stock. Appellee moved to dismiss the bill as without equity and pleaded laches and estoppel. The motion to dismiss was sustained without written opinion.

■ Appellant argues that the charter and by-laws of a corporation constitute a contract between the company and its stockholders, into which the statutes of the state of its incorporation enter and are controlling. This may be conceded without discussion.

Appellant relies upon article 1538h, Vernon's Ann.Civ.St.Tex., which, in substance, provides as follows. Any private corporation for profit, other than banks or insurance companies, may by vote of the holders of a majority of its outstanding stock entitled to vote, amend its charter so as to change its shares or any class thereof into the same number or into a larger or smaller number of shares without nominal or par value, provided that all shares of any one class shall be changed on the same basis and that the preferences, rights, limitations, privileges, and restrictions granted or imposed with respect to any shares of outstanding stock shall not be impaired, diminished or changed without the consent of the holder thereof.

■■ No Texas court has construed the statute as applying to a state of facts similar to that presented in this case. It is apparent upon analysis that the amendment to the charter of Southwestern Drug Corporation was not in violation of the statute. The right of appellant to be preferred in the payment of dividends and in a distribution of the assets of the corporation was not fixed and absolute. Under the provisions of the charter that right was subject to be modified. As a stockholder he was bound by this provision. What was done was strictly in accord with the provisions of the charter and in good faith.

Appellant has suffered no actionable damage. The dismissal of the bill for want of equity was right. The decision in Harr v. Pioneer Mechanical Corporation, 2 Cir., 65 F.2d 332, certiorari denied 290 U.S. 673, 54 S.Ct. 92, 78 L.Ed. 581, is in point. Further citation of authorities is unnecessary.

Except to say that they are not without merit, it is needless to discuss the pleas of laches and estoppel urged by appellee.

The record presents no reversible error.

Affirmed.